### Doe, on the Demise of Brown and Others, v. Owen.

If, in ejectment, there be a verdict and judgment for the defendant, the judgment for costs must be entered against the nominal plaintiff, and not against the lessor.

But a judgment in such case, against the lessor, being defective only in form, may be amended on motion in the Court below. Even after the cause is removed by

writ of error, the proceedings in the Supreme Court will be stayed, on motion, till the amendment can be made; and, after the amendment, a new transcript may be obtained, on suggestion of diminution, and the judgment affirmed.

**ERROR** to the *Posey* Circuit Court.

STEVENS, J.—This was an action of trespass and ejectment, brought by the plaintiff in error against the defendant in error, to recover the possession of certain lands set forth and described in the declaration. The parties entered into the common consent rule, and an issue was joined on the plea of not guilty. A jury trial was had, and a correct and regular verdict found in favour of the defendant; on which the Court rendered judgment in favour of the defendant, that he should recover of the lessors of the plaintiff his costs, &c. To reverse this verdict and judgment this writ of error is prosecuted.

Several errors are relied on by the plaintiff, but we think none are well taken except the last one, which is, that the judgment should have been against the nominal plaintiff, and not against the lessors of the plaintiff. This error is well taken; the judgment should have been against the nominal plaintiff and not against the lessors (1). This being mere matter of form, the defendant might have had it amended, on motion, in the Court below, even after the transcript was transmitted to this Court. And the amendment being in the form of the judgment only, this Court would have stayed the proceedings, on motion, until the amendment could have been made in the Court below; a diminution could then have been alleged, and a transcript of the amended record brought up on certiorari, and a reversal of the judgment have thus been prevented (2). The defendant has not thought proper to take that course, and we must act upon the record as it stands.

*Per Curiam.*—The judgment, as to the lessors, is reversed. Cause remanded, &c.

*Crawford* and *Hall*, for the plaintiff.
*Judah* and *Battell*, for the defendant.

(1) The law is now otherwise. By a late statute, the defendant in ejectment, if the judgment be in his favour, may take a judgment for costs against the lessor of the plaintiff. Stat. 1833, p. 113. Vide note to *Eaton* v. *Benefield*, ante, p. 54.

(2) Vide note to *Songer, adm'r.* v. *Walker et al.* Vol. 1, of these Rep. 251.