Blackford J.
Assumpsit brought by Clark against Spears on the assignment of a promissory note. The declaration describes the note as having been made by Taylor and Smith to Marshall, indorsed by the payee to Sumner, by the latter to Spears, and by Spears, who is the defendant, to the plaintiff. The declaration also states that the plaintiff indorsed the note to Mains; that the latter sued the makers and obtained judgment, on which & fieri facias was issued and returned no property found; that the plaintiff paid the amount of the note to Mains, and received back the note, &e. Plea, the general issue. The cause was submitted to the Court, and judgment rendered for the plaintiff.
A bill of exceptions was filed by the defendant.. The bill, after stating the defendant’s admission of the judgment obtained by Mains, the execution, return, &c., proceeded as follows: "And the following is the only evidence produced by the plaintiff, viz., the following promissory note, with the following indorsements thereon, to wit, (insert said note and said indorsements thereon); and that Robert A. Ghandler, as attorney of said Clark, a short time after said return had been made,- presented said note to the defendant for payment, &c.”
The bill of exceptions, which professes to contain all the plaintiff’s evidence, does not show that the note and indorse-ments under which the plaintiff claimed, were produced at the trial. This omission is fatal. Arnold v. Sturges, Nov. term, 1839. The words in the bill, “ insert said note and said in-dorsements thereon, amount to nothing.
Per Curiam.—The judgment is reversed with costs. Canse, remanded, &c.