Murphy *v.* Tilly and Others.

Action by heirs against an administrator to recover certain sums for which he had failed to account. Answer that certain heirs of *B.* were interested, and ought to be joined as parties plaintiff. Reply, that *B.*, for a valuable consideration by way of advancement from *A.*, his father (the decedent), in his lifetime, assigned his interest in the estate to said *A.*, in writing, which writing is lost, and cannot be set out. *Held*, that the heirs of *B.* ought to have been made parties.

An affidavit denying an attorney's authority to appear for a party, and the overruling of a motion for a rule to show authority, are not necessarily a part of the record on appeal, but must be placed upon it by a bill of exceptions.

APPEAL from the *Decatur* Court of Common Pleas.

Hanna, J.—This was an action commenced before a justice of the peace, by *Tilly* and others against *Murphy*. There are two causes of complaint—first, that *Murphy*, whilst acting as administrator of the estate of *John McIntire*, the ancestor of the plaintiffs, rented the lands of the decedent to an irresponsible person, whereby, the rents were lost; secondly, that he received property of the deceased, and money for the rent of the lands of deceased, for which he did not account on final settlement.

There was a demurrer to the complaint overruled before the justice, and also in the Common Pleas Court, but no exception taken.

There was an answer filed, after the appeal, stating that there were others interested in the event of the suit, who ought to be joined as parties plaintiff, to-wit, the heirs of *Wesley* and *Harrison McIntire*.

To this, there was a reply—first, by a denial, &c.; secondly, that said *Wesley* and *Harrison,* for a valuable consideration by way of advancements from *John McIntire,* in his lifetime, assigned in writing, which writing is lost, and cannot, therefore, be set out, their interest in his estate, to said *John.*

A demurrer to this reply was overruled. The ruling of the Court upon this demurrer presents the first question we will notice.

It is insisted that all contracts with heirs and expectants, relative to anticipated inheritances, are presumed fraudulent. Upon this point we are referred to authorities. In the authorities, one of the reasons urged in favor of this proposition is, that there is a direct or implied fraud upon the parent or other ancestor, who, being ignorant of the transaction, is misled in disposing of his property. 1 Story's Eq., § 339. To this it is replied, that ignorance could not exist where the ancestor himself was a party to the transaction with the expectant heir. We think this reply is not good. Without stopping to decide whether, in any case, a satisfaction by advancement, or contract, of the interest of heirs, could be set up, we think that, under the peculiar circumstances of this case, the persons named ought to have been made parties. It seems to us that a full recovery of the amount due, if any, by these plaintiffs, from the defendant, would not bar the right of other heirs to sue.

The clerk states, in the record, that during the progress of the case, the defendant filed an affidavit that neither *Mahlon Tilly* nor his attorney had authority to use the names of *Emily Taylor* and *William McIntire* as co-plaintiffs. *Tilly, McIntire, Taylor,* and *Louisa Tilly,* are the persons named as plaintiffs.

Upon the affidavit, a rule was asked on *Tilly* and his attorney to show the authority by which the suit was prosecuted in the names of said persons. The motion was overruled, and the ruling excepted to. There is no bill of exceptions in regard to the filing of said affidavit, or the rulings thereon. It appears to us that such affidavit, motion,

and ruling, were not a necessary part of the record, unless made so by bill of exceptions.   As this was not done, they are not before us in such form as to enable us to pass upon the ruling of the Court.   2 R. S. pp. 115, 159, §§ 344, 559.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Gavin, J. R. Coverdill, J. S. Scobey,* and *W. Cumback,* for the appellant.

*B. W. Wilson,* for the appellee.