ROUND, Executor *v.* THE STATE on the relation of RILEY and Others.

An affidavit in support of a motion to set aside a default, is no part of the record unless made so by a bill of exceptions.

The Supreme Court will not decide whether the reasons for a motion to set aside a default are a part of the record, unless it appear whether the motion was overruled because they were deemed insufficient in law, or not true in fact.

If such reasons be deemed a part of the record, and held sufficient in law, yet it will be presumed, in favor of the Court below, the contrary not appearing, that they were not shown to be true in fact.

It was not meant, in the language used in *Spencer* v. *Russell*, 9 Ind. R. 157, to decide that the grounds of the decision of the Court upon the motion in that case might have been made sufficiently to appear by filing the motion and the reasons for it in writing; but only to decide that if the motion and the grounds of it had been so filed, exception to the overruling of it might have been taken in the same manner as to a ruling on demurrer.

If, in a suit against an executor, upon a claim against a decedent's estate, the record recites that the claim was duly entered on the appearance-docket, &c., ten days prior to the first day of the term, the defendant will be held to have had sufficient notice.

If the record show an entry to have been made "to the satisfaction of the Court," the Supreme Court will presume, the entry not being before it, that it was properly made.

APPEAL from the *Ripley* Court of Common Pleas.       *Tuesday,*
WORDEN, J.—On the 14th of *January*, 1859, the state *June* 12.
upon the relation of *George A. Baily, Robert S. Baily*, and
*Francis Baily*, by *Wm. S. Holman*, their next friend, they
being minor heirs of *John J. Baily*, deceased, filed her com-
plaint in the office of the clerk of the *Ripley* Court of Com-
mon Pleas against *Round* as executor of *Diah Pratt*, de-
ceased, whose estate was being settled in that Court.

The complaint sets up a claim in favor of the relators
against the estate of *Pratt*, upon a bond entered into by
him in his lifetime, as the surety of one *Robert S. Baily*,
administrator of the estate of *John J. Baily*, deceased.

Afterwards, on the fifth day of the *April* term of the
Court for the same year, the executor failing to appear up-
on being called, "and it appearing to the satisfaction of
the Court," as the record recites, "that said claim was duly

filed in the clerk's office of this Court, and entered on the appearance-docket of claims against decedents' estates, ten days prior to the first day of the *January* term, 1859, of this Court; and that said claim not being admitted by said executor, and he having also failed to refuse to admit said claim at said *January* term, the same was duly entered and docketed on the issue-docket of this Court for the present term thereof, and is duly pending for trial," &c.

The cause was submitted to the Court for trial, and upon hearing the evidence, the Court found for the plaintiff, for the use of the relators, the sum of 3,280 dollars, and rendered judgment accordingly.

Afterwards, on the eighth day of the same term, *Round*, the executor, appeared and moved to set aside the default and judgment; but no reasons appear to have been then filed, and the motion was continued until the next term. At the next term, the motion was renewed and reasons filed, but the motion was overruled, and exception taken. In the transcript are set out the reasons upon which the motion was based, as are also affidavits in support thereof, but there is no bill of exceptions properly in the record, and we think it clear that the affidavits are no part of the record without being made such by bill of exceptions. 2 R. S. p. 159, § 559.—*Kirby* v. *Cannon*, 9 Ind. R. 371.—Ind. Dig. p. 692, § 497.

Whether the reasons filed for the motion are part of the record, we need not determine, as it does not appear whether the motion was overruled because they were deemed insufficient in point of law, or not true in point of fact. If the reasons filed be deemed a part of the record, and if they be deemed sufficient in point of law to require the judgment to be set aside, yet we must presume, in favor of the ruling below, the contrary not appearing, that they were not shown to be true in point of fact. Admitting that the exception to the ruling might be taken without a bill of exceptions, by causing the exception to be noted on the record, still the ground of the ruling not being shown either by the record or by bill of exceptions, it must be presumed to have been correct.

In *Spencer* v. *Russell*, 9 Ind. R. 157, it was said that "perhaps if the defendant had filed his motion (in reference to costs) in writing, stating the grounds of it, and the Court had overruled it, the case might have been brought within 2 R. S. p. 116, § 345. It would have stood, in that event, like the decision of the Court upon a demurrer." The Court were speaking of the manner in which the exception itself may be taken, that is, the motion and the grounds of it being filed in writing, exception to the ruling upon it may be taken in the same manner as an exception to a ruling on demurrer, by noting the exception on the record. But it was not meant, by the language employed, to decide that the grounds of the decision of the Court on the motion would thus be made sufficiently to appear. The reasons for the motion would not necessarily be taken as true, like a pleading to which a demurrer is filed. The Court might overrule the motion, either because the grounds of it were deemed insufficient, or because the grounds stated were not made out in point of fact. We see no error in overruling the motion.

It is also claimed that the record does not sufficiently show that the Court had jurisdiction over the defendant, and that the proceedings were, therefore, unauthorized. We are of opinion that the record shows enough in this respect. It recites that "the claim was duly entered on the appearance-docket," &c., "ten days prior to the first day of the *January* term, 1859, of the Court," &c. This was sufficient notice to the defendant, and the subsequent proceedings seem to have been in accordance with the statute. Acts of 1855, p. 81.

A question is made as to the sufficiency of the entry on the appearance-docket, but that entry is not before us, except as it appears in the motion and affidavits, and what we have said already sufficiently disposes of them. We must presume, from the statement in the record, that it was duly entered, as that fact is shown to have appeared to the "satisfaction of the Court."

We find no error in the ruling below, hence the judgment must be affirmed.

May Term,    *Per Curiam.*—The judgment is affirmed with costs, to
1860.    be levied of the goods of the testator.

WHITE    · *A. C. Downey* and *H. A. Downey*, for the appellant.
v.
WILEY.    *W. S. Holman*, for the state.