Nov. Term,
1861.

MERRITT *v.* COBB.

MERRITT
*v.*
COBB.

Suit upon a promissory note. Answer: want of consideration, specially setting out the facts. The plaintiff moved to strike out the answer, as a false and sham pleading; and in support of his motion filed affidavits which tended to show the several matters alleged in the answer to be untrue; and the defendant having declined to affirm his belief as to the truth of his answer, or to give any evidence that the same was true, or that it was filed in good faith, the Court sustained the motion.

*Held,* that neither the motion nor the affidavits made any part of the record, on appeal, there being no order of the Court or bill of exceptions making them such.

Saturday,
December 7.

APPEAL from the *St. Joseph* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Merritt* upon a promissory note for the payment of $358. The note bears date *March* 1, 1858, and is payable to the plaintiff, four months after date, at the branch at *South Bend*, of the *Bank of the State of Indiana*.

The defendant's answer alleges these facts: The note was given upon, and at the time of, a contract for the purchase of certain furniture, consisting of beds, bedding, &c., the same comprising the whole of the furniture and fixtures then in the *St. Joseph's Hotel*, at *South Bend*, *Indiana*. The contract of purchase was made between the defendant and one *William Butts*, the tenant in possession of the hotel, who also held possession of its furniture and fixtures. At the time of the purchase, and the execution of the note, the property was not delivered to the defendant; but it was then expressly agreed that *Butts* should deliver the same within two weeks thereafter. The plaintiff, when the purchase was made, held an interest in, and a lien upon, said property, and was at that time present, and at the request of *Butts* and the plaintiff, the defendant executed the note to plaintiff, and the same was made payable to him upon no other consideration whatever. After this, on the day fixed by agreement for the delivery of the furniture, &c., of said hotel, *Butts* pretended to deliver to the defendant the whole of the property contracted for, and defendant entered into possession of the hotel and of the furniture, &c., so delivered

to him, the said *Butts* then and there representing to the defendant that all the property contracted for, and on account of which the note was given, was then delivered to the defendant; and relying upon said representation, the defendant was induced to accept the furniture, &c., so delivered, when in truth and in fact the said *Butts*, with the knowledge and by the consent and connivance of the plaintiff, had, prior to that time, and after the execution of the note, fraudulently concealed and boxed up a large amount of furniture, (setting forth the articles so concealed, &c.,) amounting in value to $600; and the said *Butts*, with the advice, counsel and connivance of the plaintiff, fraudulently and secretly, and without the knowledge or consent of the defendant, removed the furniture, &c., so concealed, &c., from said hotel, and failed to deliver the same to the defendant. Wherefore the consideration of the note has failed, &c.

To this answer the plaintiff filed a demurrer, which was sustained by the Court; but subsequently, on his motion, the judgment sustaining the demurrer was set aside, and thereupon he withdrew his demurrer. It appears in the transcript, that the plaintiff, upon the withdrawal of his demurrer, moved to strike out the answer, as a *false and sham pleading;* and, in support of the motion, filed three affidavits which tended to show the several matters alleged in the answer to be untrue; and the defendant having declined to affirm his belief as to the truth of said answer, or to give any evidence that the same was true, or that it was filed in good faith, the Court sustained the motion. Final judgment was given for the plaintiff. The action of the Court in sustaining the demurrer is assigned for error; but of that, the appellant has no right to complain, because the judgment of the Court upon that ruling was subsequently set aside, and the demurrer withdrawn.

The next assigned error is, that "The Court erred in sustaining the plaintiff's motion to strike out the answer of the defendant as a false and sham pleading, upon affidavits, &c." As there is no bill of exceptions, or order of the Court, making the motion to strike out, or the affidavits in its

Nov. Term, support, a part of the record, the inquiry at once arises,
1861. whether the ruling upon that motion is properly before us.

The statutory rule is, that "A transcript of motions, affidavits and other papers, when they relate to *collateral matters*, and depositions filed as mere evidence, shall not be certified, unless made a part of the record by exception, or by order of the Court." 2 R. S., § 559, pp. 159, 160. The motion, in this instance, is evidently collateral to the main inquiry in the case, and is therefore within the rule just recited; and the affidavits are equally so, because they were filed "as mere evidence" in support of the motion. It follows, neither the motion nor the affidavits were made part of the record in the mode prescribed by the statute, and should not therefore have been included in the transcript. *Kirby* v. *Cannon*, 9 Ind. 371; *Shaw* v. *Bankard*, 10 *id.* 227; *Murphy* v. *Tilly*, *id.* 311.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Miller* and *George*, for the appellant.

*Thos. S. Stanfield*, *H. C. Newcomb* and *J. Tarkington*, for the appellee.