## STEWART *v.* RANKIN ET AL.

PRACTICE.—*Bill of Exceptions.*—Where a bill of exceptions does not contain the evidence, but refers to it in this language: "Whereupon the plaintiff introduced the following evidence, to wit: (see pages 8 to 18 inclusive), and whereupon the defendant introduced the following evidence, to wit: (see pages 18 to 28 inclusive)," the evidence forms no part of the bill of exceptions, although written in the record as indicated by the clerk.

SAME.—*Judge.*—A judge should not sign a bill of exceptions in such a case, until the parol testimony has been written out in full in such bill of exceptions, and he has convinced himself of its truth.

APPEAL from the Decatur Circuit Court.

BUSKIRK, C. J.—The appellees sued the appellant on the following instrument:

"This agreement witnesseth that James A. Rankin has this day bargained and sold to Samuel H. Stewart one hundred head of smooth, fat hogs, for eight dollars and fifty cents per hundred pounds; the hogs to be delivered at John Jackman's scales, at Milroy, 'Rush county, Indiana, between the 1st and the 17th days of October, 1870. Said hogs shall average not less than two hundred and sixty-five (265) pounds each; to be smooth, well-corn-fed hogs.

"The said Stewart agrees to pay the sum of money per hundred pounds above specified for said hogs, and now pays one hundred dollars on this contract, the receipt whereof is hereby acknowledged by the said Rankin. There are to be no sows with pigs or stags among said hogs.

"Witness our hands this 11th day of August, 1870.

"JAMES A. RANKIN,

"SAM. H. STEWART."

It was averred in the complaint, that at the time of the execution of the above contract, the appellees were partners, and were jointly interested therein, although the contract was made in the name of James A. Rankin alone; that on the 1st day of October, 1870, the defendant notified the plaintiffs that he would be ready to receive said hogs at

VOL. XXXIX.—11

said scales on the third day of said month, at five o'clock
P. M. of said day; that on said 3d day of October, 1870, at
the time and place fixed for the delivery of said stock, the
plaintiffs had at said scales one hundred head of hogs of the
kind and quality mentioned in said contract, ready for deliv-
ery to the defendant, and then and there tendered the same
to said defendant, who expressly refused to receive and pay
for the same; that said stock so tendered to the defendant
were of the weight of thirty-four thousand two hundred and
fifty pounds, and that the market price of hogs of the kind
and quality mentioned in said contract, and at the time and
place fixed for their delivery, was six and one-half dollars
per hundred pounds; that the plaintiffs performed all the
stipulations of said contract on their part to be performed,
and have been damaged by the failure of the defendant to
receive said hogs, by the difference between the contract
price and the market price of said hogs at said time and
place so mentioned above, in the sum of six hundred and
eighty-five dollars, upon which the defendant is entitled to a
credit for the sum of one hundred dollars paid on said con-
tract; wherefore, etc.

To this complaint the appellant answered by a denial, and
there was an agreement to give in evidence under such denial
all matters that could be specially pleaded. The cause was
tried by the court, and resulted in a finding for the plaintiffs.
The court overruled a motion for a new trial, and rendered
judgment on the finding, and the appellant excepted.

The appellant has assigned for error the overruling of the
motion for a new trial. The principal reason assigned for a
new trial was the exclusion of competent and legal evidence
offered by the appellant.

No question arises in the case, unless the evidence is in
the record by bill of exceptions. It is maintained by the
appellees that the evidence is not properly in the record.
The bill of exceptions is as follows.

"James A. Rankin and Darius C. Williams *v.* Samuel H.
Stewart. Decatur Circuit Court, fall term, 1870.

Stewart *v*. Rankin *et al.*

"Be it remembered, that on the ——— judicial day of the fall term, 1870, of said court, the said cause came on for trial before the court, without the intervention of a jury, whereupon the plaintiffs introduced the following evidence, to wit: (See pages 8 to 18); and whereupon the defendant introduced the following evidence, to wit: (See pages 18 to 28, inclusive); and while James A. Rankin, one of the plaintiffs, was on the stand as a witness, the defendant put to him questions one (1), two (2), three (3), and four (4), to wit: (See pages 28 and 29); but the court, upon the objection of the plaintiffs' attorneys, refused to allow said questions, or either of them, to be answered; to which ruling the defendant objected and excepted at the time; and after the evidence was all heard, made the following finding, to wit: (See page 5); and whereupon the defendant filed the following motion for a new trial, to wit: (For motion for new trial, see page 6); which motion the court overruled and rendered final judgment on said finding, to all of which the defendant objected and excepted, and still objects and excepts, and asks that this, his bill of exceptions, be signed, sealed, and made a part of the record, which is done accordingly.

[Seal]                                                   "J. M. WILSON."

Following the above bill of exceptions in the transcript, the clerk has copied what purports to be the evidence admitted and that offered and excluded, with exceptions to the ruling of the court.

It is quite obvious that the judge signed a bill of exceptions in blank, probably intending that opposing counsel should afterward agree upon the evidence, and have it inserted in the appropriate places in the bill, over his signature; but the clerk, instead of filling the blanks in the bill of exceptions with the evidence, has set out the evidence in the transcript, and then filled the blanks in the bill of exceptions with references to the pages of the transcript where the evidence would be found.

In making out a bill of exceptions, where the purpose is to make a part of the record a written instrument or docu-

mentary evidence, it is not necessary to copy such written instrument or documentary evidence into the bill of exceptions; but it shall be sufficient to refer to such instrument or evidence, if its appropriate place be designated by the words, "here insert," and when the clerk makes out the transcript he should fill the blank with the written instrument or documentary evidence referred to. If the paper referred to legitimately constituted a part of the record, and has already been set out in the transcript, the clerk need not again copy it into the bill of exceptions, but may refer to the page and line of the transcript where it may be found. 2 G. & H. 209, sec. 343; sec. 559 of the code, 2 G. & H. 273; *Smith* v. *Lisher*, 23 Ind. 500.

It is provided by section 346 of the code, 2 G. & H. 209, that, "where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the judge for his allowance and signature. If true, the judge shall sign it, whereupon it shall be filed with the pleadings as a part of the record, but shall not be spread at large on the order book. If the writing is not true, the judge shall correct it, or suggest the correction to be made and sign it."

By the above section of the code, it is made the duty of the party excepting to reduce his exception to writing, and present it to the judge for his allowance and signature; and it is made the duty of the judge to examine the bill of exceptions and see whether it contains the truth, and if it does, he must sign it, but if it does not, he must make it speak the truth, and then sign it. A judge may very properly sign a bill of exceptions with a blank, where the purpose is to make a part of the record some written instrument or documentary evidence, but he should never sign a bill of exceptions, purporting to embody the parol testimony until such testimony has been written out in full in such bill of exceptions, and he has convinced himself, either by the consent of opposing counsel or a personal examination, that it contains the truth,

the whole truth, and nothing but the truth. The law imposes this duty upon the judge, and he should not shrink from its faithful performance, however laborious it may be. The facts recited in a bill of exceptions are regarded by this court as true, and when there is a conflict between the bill of exceptions and some other part of the record, we are governed by the bill of exceptions. The reason of this rule is, that we presume that the judge has faithfully performed his duty, and that the bill speaks the exact truth. We cannot approve of the practice, that exists in some parts of the State, of signing in blank bills of exceptions, embodying the oral evidence, as it is likely to lead to great abuses, and destroy the full faith and credit that has heretofore been given to bills of exceptions. The clerk has copied into the record what purports to be the evidence, but as it was never examined and approved by the judge, and constitutes no part of the bill of exceptions, we cannot regard it as a part of the record. The case of *Kennedy* v. *The State*, 37 Ind. 355, is very much in point.

The evidence not being in the record, there is no question presented for our decision.

The judgment is affirmed, with costs.

*C. Ewing, J. K. Ewing, W. Cumback,* and *S. A. Bonner,* for appellant.

*J. S. Scobey, O. B. Scobey, J. Gavin,* and *J. D. Miller,* for appellees.