. GOODWINE ET AL. *v.* CRANE, TRUSTEE.

PRACTICE.—*Bill of Exceptions.*—*Evidence.*—A paper purporting to be a bill of exceptions consisted of a certified agreement, signed by counsel of both parties and the judge of the court below, that "the following was all the evidence that was offered in said cause by both parties, together with all the exhibits, plats, maps, etc., and is submitted to this court by the agreement of the parties as all the evidence," to which, after the signatures of counsel and the judge, were attached various documents and what purported to be the evidence of witnesses.

*Held,* that the evidence was not in the record.

SAME.—The Supreme Court cannot decide whether the finding of the court below is or is not sustained by the evidence, where the evidence is not in the record by bill of exceptions.

SAME.— *Judgment.*—The assignment, as a reason for a new trial, that the judgment of the court is not sustained by the law and is contrary to law, presents no question for the decision of the Supreme Court.

SAME.—Under the code, a written instrument, or any documentary evidence, need not be copied into a bill of exceptions, but may be referred to, if its appropriate place be designated by the words "here insert;" but testimony given in the cause must be set out in the bill of exceptions.

SAME.—The statement in a bill of exceptions, that "the following was all the evidence offered" does not show how much evidence was admitted.

RECORD.—It is improper to make up a record for the Supreme Court in the form of a continuous roll.

APPEAL from the Tippecanoe Circuit Court.

DOWNEY, J.—This was an action by the appellee against the appellants, to recover possession of fractional sections three, ten, fifteen, twenty-two, twenty-seven, and thirty-four, in township twenty-two, north of range ten west, in Warren county, Indiana, containing in all two hundred and twenty-seven acres and thirty-eight hundredths, of which it was alleged the defendants held possession without right, etc. There was another paragraph of the complaint, which sought to quiet the title of the plaintiff to the same lands.

The defendants pleaded the general denial, and also a second paragraph, which was, on motion of the plaintiff, stricken out. The issue was tried by the court, and there was a finding for the plaintiff. A motion by the defendant for a new trial was overruled, and judgment rendered on the finding.

The only error properly assigned is the overruling of the

motion for a new trial. The reasons assigned in the written motion why a new trial should be granted are, first, that the finding of the court is not sustained by the evidence, and is contrary to the evidence; second, that the judgment of the court is not sustained by the law, and is contrary to the law.

The evidence is not in the record, and for this reason we cannot decide whether the court improperly refused to grant a new trial for the first reason stated, or not. We do not know what is intended by the second reason. There is in the record what purports to be a special finding by the court; but it was not signed by the judge, nor incorporated in any bill of exceptions in the record—*Roberts* v. *Smith,* 34 Ind. 550—and there were no conclusions of law excepted to by either party. The second reason for a new trial does not, according to any law, or any practice sustained by this court, present any question for decision. *The Board of Commissioners of Lagrange Co.* v. *Newman,* 35 Ind. 10; *Leffel* v. *Leffel,* 35 Ind. 76; *The Ohio, etc., R. R. Co.* v. *Hays,* 35 Ind. 173. There is nothing for us to decide.

The judgment is affirmed, with costs.

### On Petition for a Rehearing.

Downey, J.—In the opinion in this case it is stated that the evidence is not in the record. In a petition for a rehearing, counsel for the appellants insist that the court is mistaken in this. To settle the question, we copy the bill of exceptions as it appears in the record:

"William Crane et al. *v.* Abner Goodwine et al. In Tippecanoe Circuit Court, April Term. Be it remembered, that on the trial of the above-entitled cause, the following was all the evidence that was offered in said cause, by both parties, together with all the exhibits, plats, maps, etc., and is submitted to this court by the agreement of the parties, as all the evidence.

"Gregory & Harper, Att'ys for Defendants.
"Hughes & Stein, Att'ys for Plaintiff.
"David P. Vinton."

Goodwine *et al. v.* Crane, Trustee.

To this are attached the various documents, which, we presume, had been given in evidence in the circuit court, put up in a roll of very inconvenient length; and also what purports to be the testimony of witnesses in the cause. Prior to the adoption of the code, every document given in evidence must have been set out in the bill of exceptions. *Doe* v. *Makepeace*, 8 Blackf. 575; *Spears* v. *Clark*, 6 Blackf. 167; *Huff* v. *Gilbert*, 4 Blackf. 19. It is now provided by the code, that it shall not be necessary to copy a written instrument, or any documentary evidence, into a bill of exceptions; but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words "here insert." 2 G. & H. 209, sec. 343. There is no statutory relaxation of the former rule with reference to the testimony given in the cause. *Stewart* v. *Rankin*, 39 Ind. 161.

It scarcely appears, from the bill of exceptions, that any evidence was given on the trial. The bill of exceptions says, "The following was all the evidence offered." How much of it was admitted is not shown.

The transcript is not prepared, nor perhaps capable of being prepared, according to rule nineteen of this court, which requires the pages and lines to be numbered, and marginal references made, denoting the different parts of the record. The clerk of this court is provided with the proper means and places for filing and preserving the records which come to this court in proper form, but this one is, in form, wholly unsuited and unfit for such files. Every consideration entering into the question forbids that we should allow or encourage any such practice as that resorted to in this case. But we do not desire further to criticise the record, and should not have said what we have, had counsel been content with our first opinion.

The petition for a rehearing is overruled.

*B. F. Gregory* and *J. Harper*, for appellants.

*J. A. Stein* and *E. Hughes*, for appellee.