Kesler *v.* Myers.

---

## KESLER *v.* MYERS.

PRACTICE.—*Affidavits.*—*Bill of Exceptions.*—Where a petition was filed in the circuit court for relief from a judgment in that court, dismissing an appeal from the judgment of a justice, and the petition was overruled, and the bill of exceptions did not contain the affidavits filed in support of the petition, but in lieu thereof, the words "heretofore inserted in this record;"

*Held*, that the affidavits, not being properly part of the record, could not be considered by the Supreme Court.

SAME.—*Transcript.*—*Statute.*—*Clerk's Duty.*—The statute declares what matters shall constitute a part of the record, and how the same shall be made a part thereof, and no rule of court regulates the practice. Section 559, 2 G. & H. 273. All proper entries made by the clerk, and all papers pertaining to a cause and filed therein, and not relating to collateral matters, are by statute made parts of the record without a bill of exceptions. A motion to set aside a default is a collateral matter, and the affidavits supporting the motion are not part of the record, unless made so by order of the court, or by a bill of exceptions in which they are incorporated. The judge may sign the bill of exceptions without the affidavits being inserted, if they are identified in the paper by distinct reference, and the proper place designated for their insertion, but the clerk, in making out the transcript, must insert them in full in the bill of exceptions. If the affidavits constituted part of the record by force of the statute, the words "here insert" would be sufficient if a proper reference were made to them for identification, and they were already set out in the record.

SAME.—*Appeal.*—*Certiorari Without Motion.*—*Motion for Certiorari.*—At any time pending an appeal, this court, *ex officio*, may award a *certiorari*, to inform its conscience, for the purpose of affirming a judgment, but never to reverse it, or make error. On motion, supported by affidavit of diminution of the record, a *certiorari* is awarded either party.

APPEAL from the Marion Circuit Court.

BUSKIRK, J.—This was a proceeding for relief from a judg-

ment by default, under section 99 of the code, as amended by the act, approved March 4th, 1867.   3 Ind. Stat. 373.

The facts are these:   Myers sued Kesler before a justice of the peace and obtained judgment, from which Kesler appealed to the circuit court.   The justice sent up the transcript, and the case was regularly docketed.   The subsequent history of the case is shown by the following bill of exceptions in the record:

"The State of Indiana, Marion County.   Civil Circuit Court, December Term, 1871.

"John Myers *v.* Lewis Kesler.   Appeal from John F. Turpin, J. P., Wayne Township.

" Be it remembered that on the 14th day of the September Term, 1871, of this court, being the 3d day of October, 1871, this cause was called for trial, and the defendant, being called, comes not, but makes default, and thereupon his appeal was dismissed.

"And on the 2d day of the December Term, 1871, of said court, being the 5th day of December, 1871, the defendant filed his petition for relief from said judgment of dismissal and affidavits in support thereof, to set aside his default herein and to reinstate the cause, which petition and affidavits are in these words:

(Heretofore inserted in this record.)

"And the court having considered said petition and motion, afterward, on the 12th day of said December Term, 1871, overruled the same and refused to set aside said default and reinstate said cause, to which decision and judgment the defendant excepted, and prays that this, his bill of exceptions, may be made a part of the record in this cause, which is done accordingly.

" Signed and dated this 3d day of February, 1872.

"JOHN S. TARKINGTON, [SEAL.]

" Judge M. C. C. C."

The following entry of the clerk below appears in the transcript:   "And afterward, to wit, at the December Term, 1871, of said court, on the third judicial day of said term,

that being the 6th day of December, 1871, and before the honorable judge aforesaid, the following further proceedings were had in said cause, viz.: Comes the defendant and moves the court to reinstate this cause upon the docket of this court and files the following affidavits, to wit:"

The clerk then copies into the transcript the affidavits of Lewis Kesler, Fabius M. Finch, and Charles Sage.

The question presented for our decision is, whether such affidavits are properly in .the record and can be considered by us.

It is too well settled to admit of argument or justify a reference to the long and unbroken line of decisions in th.s court, that the affidavits could only become a part of the record by a bill of exceptions.

The real question, therefore, is, have the affidavits been made a part of the bill of exceptions? This question wa.s very fully considered by us in the recent decision in the case of *Stewart* v. *Rankin,* 39 Ind. 161.

It is provided by section 343 of the code, 2 G. & H. 209, that "it shall not be necessary to copy a written instrument, or any documentary evidence into a bill of exceptions; but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert.'"

In the above cited case, we held, that where the purpose was to incorporate into a bill of exceptions a written instrument or documentary evidence, and such bill referred to such written instrument or documentary evidence, and designated its appropriate place by the words "here insert," the clerk, in making out the transcript, was authorized and required to insert in the appropriate place in the bill of exceptions such written instrument or documentary evidence;. and we further held that where a written instrument properly and legally constituted a part of the record without being made such by a bill of exceptions, and where it had already been copied into the transcript, the clerk was: not required to again copy such instrument into the bill of

exceptions, but might make the same a part thereof, by inserting in the designated place a reference to the page and line of the transcript where the same could be found.

We further held, it being applicable to that case, though not to this, that where the purpose was to embody into a bill of exceptions the parol testimony, the judge was not authorized to sign such bill of exceptions, until the testimony was written out in full in such bill of exceptions, and he had satisfied himself, either by a personal examination of such testimony or by the consent of opposing counsel, that it spoke the truth; and that if it was not true the judge should correct it or suggest the correction to be made; and that when the bill was made to speak the truth, he should sign it, and not before.

Adhering, as we do, to the rulings in that case, we are compelled to hold that the affidavits in the case in judgment do not constitute a part of the record. They did not constitute a part of the record, without being made such by a bill of exceptions. The clerk, therefore, had no right to copy them into the transcript, and they not being properly a part of the transcript, he could not make them a part of the bill of exceptions by referring to the place where they could be found. He should have copied them into the bill of exceptions, where, he says "(heretofore inserted in the record)."

The mistakes of clerks and the want of attention on the part of counsel compel us, in many cases, against our wishes, to dispose of cases on technical points, instead of deciding them on their merits. But an adherence to established rules of practice is essential to the due administration of justice. The affidavits not being in the record, we must presume that the ruling of the court below was correct.

Judgment affirmed, with costs.

### ON PETITION FOR A REHEARING.

A rehearing is asked in this case upon three grounds.

First. That the court erred in holding that the affidavits

filed in support of the motion to set aside the default were not properly and legally in the record.

Second. That it was the duty of the court, when it discovered the mistake of the clerk, to have required the clerk to correct such mistake.

Third. That as the appellant and his counsel had done their whole duty in the premises, the court should not visit upon them the consequences of the ignorance or malice of the clerk.

The counsel for appellant assume that the ruling in this case was made upon some rule adopted by this court, and then proceed to denounce such rule as harsh, unreasonable, and technical, and as having no foundation in right or equity. The assumption is wholly unfounded. There is not now, and never has been, in this court, a rule of court regulating the practice in such cases. The whole subject is regulated and controlled by a positive statute. This is an appellate court for the review and correction of the errors of the inferior courts. We possess no original jurisdiction. We do not try cases *de novo*. Nor can any original paper be sent to this court. The record in this court is composed of a transcript of the original papers and the entries made by the clerk in the progress of the cause, under the supervision and with the sanction of the judge presiding at the trial. The legislature has, in plain and unambiguous language, declared what matters shall constitute a part of the record, and how the same shall be made a part thereof. Section 559 of the code reads as follows:

"Sec. 559. All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein, (except a summons for the defendant, where all the persons named in it have appeared to the action, and summons for witnesses, depositions, and other papers which are used as mere evidence) are to be deemed parts of the record; but a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions, and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception, or order of court, and directed

to be certified by the appellant. Neither shall the clerk certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleading first filed, and the amendments thereto; but shall certify such amended pleading only. Every paper and pleading above excepted, may be made a part of the record by exceptions, or order of the court, on motion. If the clerk shall certify matter not material to the determination of the appeal, the Supreme Court may direct the person blameable therefor to pay the costs thereof." 2 G. & H. 273.

By the above quoted section of the code, all proper entries made by the clerk constitute a part of the record. These entries are usually made by the clerk from the minutes made by the judge upon his docket, and they are required to be read in open court, and if approved by the court, the judge must sign the record. The duty of the clerk is to enter the orders of the court.

It was said by this court, in *Hasselback* v. *Sinton*, 17 Ind. 545, that "it is no part of the duty of a clerk to place among the orders of the court, which he is directed to enter, the reasons or causes which influenced the court in directing such order. It would greatly incumber a record to undertake to place upon the order book all the facts leading to every order made. If the ruling is objected to, it should go among the records by a regular exception taken and signed."

The ruling in the above case has been steadily and uniformly adhered to by this court.

It has been decided by this court, in many cases, that under the phrase, "all papers pertaining to a cause and filed therein," are embraced the complaint, answer, reply, demurrers, and all instruments of writing upon which the pleading is based, and which are filed with and made a part of such pleading. *Miles* v. *Buchanan*, 36 Ind. 490.

All proper entries made by the clerk, and all papers pertaining to a cause and filed therein, and not relating to collateral matters, are, by force of the statute, made a part of

the record on an appeal to this court, and are not required to be made such by a bill of exceptions.

We reproduce a portion of the above quoted section of the code: "But a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions, and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception, or order of court, and directed to be certified by the appellant."

In the case under examination the appellant made a motion to set aside a default which had been entered against him, which was a collateral matter. The motion had to be supported by affidavits. Such motion and affidavits did not become a part of the record by force of the statute, but had to be made such either by an order of the court, or by being incorporated in a bill of exceptions. But the clerk had no power to certify such motion and affidavits, although made a part of the record in one of the modes above indicated, unless he was so directed by the appellant. When such papers are certified, the presumption would be that it was done by the direction of the appellant. It was said by this court, in *Blizzard* v. *Phebus*, 35 Ind. 284, that "it has been so long and repeatedly decided by this court that affidavits filed during the progress of a cause can only be made a part of the record by a bill of exceptions, that it is hardly worth while to refer to such decisions, but we will refer to a few of the later decisions. *Round* v. *The State*, 14 Ind. 493; *Leyner* v. *The State*, 8 Ind. 490; *Taylor* v. *Fletcher*, 15 Ind. 80; *Cochran* v. *Dodd*, 16 Ind. 476; *Murphy* v. *Tilly*, 11 Ind. 511; *Wilson* v. *Truelock*, 19 Ind. 389; *Merritt* v. *Cobb*, 17 Ind. 314; *Hasselback* v. *Sinton*, 17 Ind. 545; *Horton* v. *Wilson*, 25 Ind. 316; *Whiteside* v. *Adams*, 26 Ind. 250; *Bell* v. *Rinker*, 29 Ind. 267; *Fisher* v. *Ewing*, 30 Ind. 130; *Potter* v. *Stiles*, 32 Ind. 318."

We think it should be regarded as settled that the motion and affidavits, in the case in judgment, could only be made a part of the record, either by an order of court or by a bill of exceptions. There was no order of court making

them a part of the record. The appellant attempted to make them a part of the record by a bill of exceptions, and we are required to decide whether they were so made a part of the record.

The practice was well settled at common law, and under the statutes of this State, prior to the code of 1852, that a judge had no right to sign a bill of exceptions, the purpose of which was to put in the record a written instrument or documentary evidence until such written instrument or documentary evidence had been written out in full in such bill of exceptions. *Huff* v. *Gilbert*, 4 Blackf. 19; *The State Bank* v. *Brooks*, 4 Blackf. 485; *Livingood* v. *Livingood*, 6 Blackf. 268; *Spears* v. *Clark*, 6 Blackf. 167; *The Vincennes University* v. *Embree*, 7 Blackf. 461; *Doe* v. *Makepeace*, 8 Blackf. 575; *Mills* v. *Simmonds*, 10 Ind. 464.

This court in the case last cited says: "The clerk, in making a transcript of the record for this court, has inserted what purport to be depositions given in evidence on the trial; also instructions given, and an instruction refused by the court. But these alleged rulings are not properly before us; because, under the rules of practice, as they stood when these exceptions were taken, the clerk had no right to make such insertions in a bill of exceptions, unless authorized to do so by agreement of the parties entered upon the record. The depositions, charges given, and charge refused should have been copied into the bill at the time it was signed by the judge. 4 Blackf. 19; 6 Blackf. 167; 7 Blackf. 461. There being, then, no proper bill of exceptions upon which to found the assigned errors, the appeal must be dismissed."

By the phrase "the rules of practice" was meant the rules of practice prescribed by the legislature, for this court had established no rules on the subject, and possessed no power to do so; for bills of exceptions are made in the lower courts, and can only be amended or corrected by such courts.

The law in this regard was changed by the code. Section 343 of the code reads as follows:

"Sec. 343. The party objecting to the decision must except

at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. It shall not be necessary to copy a written instrument, or any documentary evidence into a bill of exceptions; but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words ' here insert.' "

The only change made by the above section is that a judge may now sign a bill of exceptions in blank as to the instrument to be inserted, where the purpose is to embody a written instrument or any documentary evidence, where such evidence is referred to and its appropriate place designated by the words " here insert." The object and effect of the section was to authorize the clerk, after the bill had been signed, and when he was making out a transcript, to insert in the place designated such written instrument or documentary evidence. Before the adoption of the code the instrument had to be inserted in the bill of exceptions before it was signed by the judge, but since it may be inserted by the clerk, in making out the transcript. But the insertion must be made in the bill of exceptions, or it will constitute no part of the record. The instrument to be inserted should be so referred to and described by the names of the parties thereto, by letters or numbers, or some specific designation, so that the clerk can with certainty know what instrument is intended to be inserted. The following designations would be sufficient: the deposition of Robert Jones; the deed from John Doe to Richard Roe; the agreement between John Smith and James North; the affidavits of William Sikes, John Brown, and James Black; exhibits A., B., and C., filed with the complaint; exhibits 1, 2, and 3, filed with the answer. Unless there is some such designation, the clerk will not know what instrument was intended, and he might by accident or design insert the wrong paper.

The signature of the judge to the entries in the order book and his signature to the bill of exceptions, with the certificate of the clerk, under the seal of the court, that

the transcript contains a full, true, and complete transcript of all the entries and papers in the cause, afford sufficient evidence that the record is correct. What evidence have we that the affidavits copied into the transcript are the ones that were read in support of the motion? They were not entered upon the order book, which was signed by the judge. The bill of exceptions does not in any manner refer to or describe the affidavits. They do not come to us over the signature and seal of the judge. If clerks can thus make a record, there will be no safety for parties litigant; for if we are bound to recognize the unauthorized statement of the clerk, he can impose upon us any record he may make up and send to us. The statute says that a bill of exceptions shall be signed by the name and attested with the seal of the judge, to which shall be added the certificate of the clerk and the seal of the court. Counsel for appellant ask us to disregard the requirements of the statute, and to accept and treat as a part of the record the affidavits which the clerk has, without authority and in plain violation of both the letter and spirit of the statue, copied into the transcript. The above quoted section expressly provides, that motions and affidavits shall not be certified unless made a part of the record by exception, or order of court.

The act of the clerk being unauthorized and illegal, we cannot recognize and act upon it. His copying the affidavits into the transcript no more made them a part of the record than would the act of a county recorder in copying upon the deed record an unacknowledged deed, or an instrument not required by the law to be recorded.

Where an instrument of writing is a part of the record by force of the statute, and has been once copied into the transcript, and is afterward used as evidence, and is referred to in a bill of exceptions with the words "here insert," the clerk need not again insert it in the bill of exceptions, but may refer to the line and page of the record where it may be found. This is settled by the case of *Smith* v. *Lisher*, 23 Ind. 500. ELLIOTT, J., speaking for the court, says: "True,

a bill of exceptions purports to contain all the evidence given in the cause, and the undertaking is not copied into it; it is, however, copied into that part of the record containing the complaint; and the bill of exceptions contains this statement: 'The plaintiff, to sustain the issue on his part, introduced in evidence the writing and judgment mentioned in the complaint.' No other writing than the bond or undertaking on which the action is founded is mentioned in the complaint, and as a copy of it is set out in the record with the complaint, we think the reference to it in the bill of exceptions is sufficient, and dispenses with the necessity of again copying it into the record."

The ruling in the above case was followed by this court in the case of *Stewart* v. *Rankin*, 39 Ind. 161, where it is said: "In making out a bill of exceptions, where the purpose is to make a part of the record a written instrument or documentary evidence, it is not necessary to copy such written instrument or documentary evidence into the bill of exceptions; but it shall be sufficient to refer to such instrument or evidence, if its appropriate place be designated by the words 'here insert,' and when the clerk makes out the transcript he should fill the blank with the written instrument or documentary evidence referred to. If the paper referred to legitimately constituted a part of the record, and has already been set out in the transcript, the clerk need not again copy it into the bill of exceptions, but may refer to the page and line of the transcript where it may be found. 2 G. & H. 209, sec. 343; sec. 559 of the code, 2 G. & H. 273; *Smith* v. *Lisher*, 23 Ind. 500."

The cases of *Miles* v. *Buchanan*, 36 Ind. 490, and *Kennedy* v. *The State*, 37 Ind. 355, are very much in point.

It is conclusively settled by the above cases, that to make a written instrument or documentary evidence a part of the record, such instrument or evidence must be copied into the bill of exceptions, at the place designated by the words "here insert," unless such instrument or evidence is made a part of the record by force of the statute, and has already

been properly copied into the record. The ruling in *Smith* v. *Lisher, supra,* and which we have followed in several cases, was based upon the ground that the instrument constituted a part of the record, and had been previously copied into the transcript. In such case, the clerk does not make it a part of the record, and there is no danger of his putting into the record a paper which ought not to be there. The legislature has very carefully guarded against any tampering with the records which come to this court. This was necessary, to protect the rights of parties litigant and prevent the commission of the grossest frauds. It is our duty to give full force and effect to the expressed will of the legislature, and in so doing we are not influenced by any formal or technical considerations. The powers and duties of this court do not seem to be fully or accurately understood by many persons. Sections 4 and 5 of article 7 of our state constitution read as follows:

"Sec. 4. The Supreme Court shall have jurisdiction, co-extensive with the limits of the State, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer.

"Sec. 5. The Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case, and the decision of the court thereon."

By the fifth section we are only authorized and required to decide such questions as arise in the record of the case. By the fourth section we are required to be governed by "such regulations and restrictions as may'be prescribed by law."

The law-making power of the State has established regulations by and under which appeals shall be taken to this court, and among such regulations is one prescribing what matters shall constitute the record, and how the same shall be made a part thereof, and such legislation acts as a restriction and limitation upon the powers of this court. We have

no power to add to or take from such regulations. Our duty is plain and simple. It is prescribed by the constitution and laws of the State. We can only decide such questions as arise in the record in the case under the regulations and restrictions prescribed by law. If we should decide a question not arising in the record, we would be guilty of usurpation of power, and our decision of such question would be an *obiter dictum*.

We are very clearly of the opinion that the motion and affidavits constitute no part of the record, and that consequently no question arises in the record as to the correctness of the ruling of the court below.

We proceed to consider and decide whether it was the duty of this court, upon discovering the defect in the record, to award, upon its own motion, a *certiorari* to the clerk and require him to correct the record.

It is a general rule that, at any time pending an appeal or writ of error, whether before or after errors assigned, or after *in nullo est erratum* pleaded, the court, *ex officio*, may award a *certiorari* to inform their conscience, to affirm a judgment, but never to reverse it, or make error. Tidd Practice, 1174; 2 Saund. 101, notes *s* and *t*; *Franklyn* v. *Reeves*, Cas. temp. Hardw. 118; *Brown* v. *Osborne*, 1 Blackf. 32; *Bannister* v. *Allen*, 1 Blackf. 414; *Colerick* v. *Hooper*, 3 Ind. 316; *Jones* v. *Van Patten*, 3 Ind. 107; *Doe* v. *Owen*, 2 Blackf. 452; *Songer* v. *Walker*, 1 Blackf. 251; *Gatling* v. *Newell*, 12 Ind. 116; *State* v. *Pearce*, 14 Ind. 426.

The appellant was seeking a reversal of the judgment. We possessed no power to award a *certiorari* to enable us to reverse the judgment. We could and would have awarded a *certiorari* upon the application of the appellant supported by affidavit showing a diminution of the record, but no such application was made. We could not, with propriety, make any suggestion to the parties or counsel as to the condition of the record. We are prohibited by a positive statute and by public policy, from giving any counsel or advice

about any cause pending in court. We must decide each case upon the record presented.

The third reason assigned for a rehearing presents for our decision a question of great delicacy; but, inasmuch as it has been pressed upon our consideration, we shall not shrink from the responsibility imposed.

The appellant seems to be without fault, as he employed very able and competent attorneys to conduct and manage his cause for him; but in our opinion they omitted one very important and essential duty. They knew that the clerk was neither learned in the law nor skilled in making out transcripts for this court. They also knew that since the abolition of a complete record, it was a question of great nicety and difficulty to determine what should go into the transcript and the order in which the several parts should be stated. They gave the clerk only a general verbal direction about making out the transcript. The better and safer practice is for counsel to give written directions specially pointing out what shall be put in the record. Secs. 558 and 559 of the code, 2 G. & H. 273; *Miles* v. *Buchanan, supra.* The errors are assigned by the counsel for the appellant and in their handwriting. We may, therefore, assume that the record was delivered to them by the clerk after it was made out and before it was filed in this court. The counsel should have examined the record and seen that it was correct before they made the assignment of errors and filed the record in this court. The error assigned called in question the correctness of the ruling of the court below in overruling the motion to set aside the default. We could not reverse the ruling of the court below, unless the affidavits were properly before us; for in the absence of any showing, we would indulge the presumption that the ruling of the court below was correct. It was, therefore, the duty of counsel to examine the record and see whether it was correct and would present the question raised by the assignment of errors. We cannot decide any question that is not assigned for error. The record may be full of the most glaring errors, and yet

if they are not assigned for error, or the record does not present the questions, we must affirm the judgment.

Counsel for appellant admit in their petition for a rehearing that they did not examine the record, but relied upon the accuracy of the clerk. They cannot thus relieve themselves from responsibility. Counsel who assert that error exists and ask a reversal of judgment must see to it that the record presents the questions sought to be decided. We lay it down as a broad proposition that an attorney should never file a record without its examination.

But the duties of counsel for appellant do not terminate with filing a correct record, making an assignment of errors, and the filing of a brief; they are simply suspended until counsel for appellee files his brief. Counsel for an appellant should never fail to examine the brief for appellees. We can make the reason for this plainer by illustration. The error complained of consists in sustaining a demurrer to the complaint. The sufficiency of the complaint is argued in the brief for appellant. It is shown in the brief for the appellee that although the court may have erred, the error is not available, because the record does not show that the appellant excepted to the ruling of the court. Or suppose that the error relied upon was the overruling of a motion for a new trial. To present such a question, the evidence must be in the record by a bill of exceptions. The questions are argued by counsel for appellant upon the assumption that the bill of exceptions is properly in the record. Counsel for appellee show that time was given beyond the term to file a bill of exceptions embodying the evidence, and that the transcript does not show when the bill was filed, and that consequently no question arises in the record as to the correctness of the overruling of the motion for a new trial. Now, in point of fact, the record below shows in the first case supposed, that there was an exception to the sustaining of the demurrer; and in the second, when the bill of exceptions was filed. By an application for a *certiorari*, the record

could be perfected and the cases decided on. their merits. Many other instances are of daily occurrence. Besides, questions not argued in the brief for appellant are sometimes presented in the brief for appellee, which should be replied to. Again, attorneys for appellee frequently omit to file any brief, and we are left to decide the case upon the brief for appellant, or we are compelled to perform labor which should be done by counsel for appellee. Then again, appellants perfect their appeal far enough to obtain a supersedeas, but take no steps to brief or submit the cases. Finally, the appellees have the appellants defaulted, and submit the cases and file briefs, but no brief is filed by appellants. When by reason of defective records and the failure of counsel to make proper assignments of error, we are deprived of the power of deciding cases upon their merits, it is sometimes supposed by counsel, as in the present case, that we adhere to forms and are governed by technicalities. It is neither the fault of the law nor of the courts that all cases are not decided upon their merits, but it results from the want of accurate knowledge on the part of clerks, and the carelessness and neglect of duty on the part of counsel.

The very careful examination which we have given to the petition for a rehearing has convinced us that our original judgment was right, and that we could not have decided otherwise without a flagrant disregard of a positive statute, which was passed in obedience to the requirements of the constitution, and was intended as a "regulation and restriction" upon the powers of this court.

The petition for a rehearing is overruled.

*F. M. Finch* and *J. A. Finch*, for appellant.

*L. Barbour* and *C. P. Jacobs*, for appellee.