## HUFF *v.* LAWLOR.

VENDOR AND PURCHASER.—*Demand.—Liquidated Damages.—Condition Precedent.*—On August 24th, 1872, H. executed to L. a contract of sale of certain real estate, in which the receipt of one hundred and fifty dollars of the purchase-money was admitted, and it was provided that a like sum should be paid December 1st, 1873, and one hundred dollars December 1st, 1874, with interest. The contract contained these further stipulations, viz. : " Notes and mortgage to be executed for the deferred payments as soon as deed is made. Now, I hereby agree to cause to be made to him" L. " a deed of conveyance for the aforesaid lands, on or before January 1st, 1873, and if I fail to make such deed I am to repay to said" L. " the aforesaid sum of one hundred and fifty dollars, with interest from this date, and one hundred and sixty dollars agreed damages." Suit by L. to recover the one hundred and fifty dollars paid, and also one hundred and sixty dollars as liquidated damages, on the failure of H. to convey at the time stipulated.

*Held,* that the contract required H. to tender a conveyance on the day named, and that it was not necessary to aver an offer by L. to execute his notes and mortgage prior to a tender of a deed by H. The acts of the parties were not

required by the contract to be concurrent, but the execution of the deed was a condition precedent to the making of the notes and mortgage.

*Held,* also, that the proper construction of the contract for the mortgage was, that it should be given on the land so agreed to be conveyed.

*Held,* also, that on failure of H. to make and tender the deed at the time fixed, L. was entitled to recover the payment made, and also the amount agreed upon as damages.

SAME.—*Tender of Deed.*—When a vendor obligates himself to execute a deed on a day certain, and the contract provides that the vendee shall execute his notes and mortgage for deferred payments "as soon as a deed is made," the tender of a deed need not be absolute, but the vendor must sign and acknowledge the deed, and may tender it to the purchaser, on condition that the latter execute his notes and mortgage in conformity with the contract.

PRACTICE.—*Bill of Exceptions.*—*Affidavits.*—Affidavits in support of a motion to set aside a default are not a part of the record, unless made so by a bill of exceptions.

From the White Circuit Court.

*W. J. Gridley, C. H. Test,* and *D. V. Burns,* for appellant.
*B. B. Daily* and *C. R. Pollard,* for appellee.

BUSKIRK, J.—The appellee sued the appellant upon the following instrument:

"I have this day sold to Andrew Lawlor the following described real estate, lying in Tippecanoe county, in the State of Indiana, to wit: Seventeen acres of the east half of the south-east quarter of section four (4), north of range three (3) west, being thirty-four poles north and south of the north end of said tract; upon which I have received one hundred and fifty dollars, and am to receive one hundred and fifty dollars, December 1st, 1873, one hundred dollars December 1st, 1874, both deferred payments with interest from this date. Notes and mortgage to be executed for the deferred payments as soon as deed is made. Now, I hereby agree to cause to be made to him a deed of conveyance for the aforesaid lands on or before January 1st, 1873, and if I fail to make such deed I am to repay to said Andrew Lawlor the aforesaid sum of one hundred and fifty dollars, with interest from this date, and one hundred and sixty dollars agreed damages, collectible without any relief from valua-

VOL. XLV.—6

tion or appraisement laws.   Given  under my hand and seal,
this 24th day of August, 1872.          Asa Huff."

The  complaint  alleged  the  execution  of  the  foregoing
instrument and the payment of one  hundred and  fifty dol--
lars, and that the plaintiff  stood  ready to make  and deliver
his notes and mortgage for the deferred payments, when the
deed of  conveyance should be made, at the time  mentioned
in said written agreement.  The complaint then concludes as fol-
lows :  " And the plaintiff avers and charges that said defend-
ant did not make or cause to be made  to the  said  plaintiff
the said deed of  conveyance, or to perform  his part of  said
agreement.   Judgment was demanded  for the one  hundred
and fifty dollars paid in part performance of  said contract,
and for the further  sum of one hundred and  sixty dollars
for the damages  agreed upon."

It appears from  the  record, that the  appellant  was  duly
served with  process, and  being  called, he  failed to appear
and was defaulted.  Subsequently the appellant  moved  to
set aside the default, but the  motion  was  overruled.   The
damages were  assessed by the court.

The appellant has  assigned for error  that the  complaint
does  not  contain facts  sufficient  to  constitute  a  cause of
action, and that the court erred in overruling the motion to
set aside the default.

It was  held by this court, in *Strader* v. *Manville,* 33  Ind.
111, that where a judgment has  been taken by default, on a
complaint which does not state  facts sufficient to constitute
a cause of action, the defendant may appeal to the Supreme
Court and assign for error  the  insufficiency of the com-
plaint, without having made a motion for relief in the court
below.

The objection urged to the  complaint will be made man-
ifest from the following extract from the  brief of counsel for
appellant :

" This is one of the class of contracts where  the  acts to
be performed by the parties are concurrent and  simultane-
ous.   A court of equity would compel neither to  perform

Huff *v.* Lawlor.

until the other had offered to perform, and he who would take the initiative must have offered to perform his part of the contract. If neither had tendered a performance, the condition of the defendant was the best. The court will notice that the contract reads, as soon as the deed is made, appellee is to execute notes and mortgage, etc. He is not to wait until the deed is executed and delivered, but when made, then he is to execute the notes and the mortgage. Then it is clear that he should have tendered the notes and mortgage before he was at liberty to treat the contract as at an end and sue to recover back the money he had paid, and for the damages. Or at any rate, there should have been a demand and refusal. In that case an offer to perform would not have been necessary. The contract does not show on what lands the mortgage was to operate. A pleading is to be taken most strongly against the pleader; so the court can not say that the mortgage securing the notes was to be upon the lands agreed to be conveyed."

The positions assumed by counsel for appellant are, in our opinion, untenable. The making of the deed by the appellee and the execution of the notes for the deferred payments and the mortgage to secure the notes were not concurrent acts. The appellant was required to execute the deed on a day named. In such case, no demand was required. *Mather* v. *Scoles*, 35 Ind. 1. The appellant was required to make the deed, before the appellee was required to give his notes and mortgage. The making of the deed constituted a condition precedent to the giving of the notes and the execution of the mortgage. While it is not expressly provided in the written agreement, that the mortgage was to be taken upon the property to be conveyed, it is plainly inferable from the whole instrument that such was the intention of the parties. The appellee could not give a mortgage upon the land until it was conveyed to him. The signature and acknowledgment of appellant to the deed would not make it operative as a conveyance. Delivery was essential to its valid execution and operation as a deed of conveyance. *Hotchkiss* v.

*Olmstead,* 37 Ind. 74, and authorities there cited. The appellant was not required to make an unconditional delivery of the deed, but he should have signed and acknowledged the deed and tendered it to the appellee, on the condition that the notes and mortgage were executed. *Lynch* v. *Jennings,* 43 Ind. 276. The appellee was not required to tender the notes or mortgage prior to the execution of the deed. In our opinion, the complaint was good, and the facts stated entitled the appellant to the relief demanded and granted.

We proceed to enquire whether the court erred in refusing to set aside the default. Upon an examination of the record, we find that the clerk has copied into the transcript what purport to be the affidavits which were read in support of the motion to set aside the default; and in copying into the transcript the bill of exceptions, he has filled the space which was intended for an insertion of the motion and affidavits with a reference to the lines and pages of the record where such motion and affidavits would be found. This condition of the record presents the same question which arose and was fully considered in the case of *Kesler* v. *Myers,* 41 Ind. 543. For the reasons there stated, we hold that the motion and affidavits constitute no part of the record, and that no question arises as to the action of the court in overruling such motion.

The judgment is affirmed, with costs.