## WIGGS *v.* KOONTZ.

PRACTICE.—*Supreme Court.*—*Assignment of Errors.*—Section 568 of the code (2 G. & H. 275) requires that the assignment of error must be entered on the transcript. Attaching a copy is not a compliance with the statute.

SAME.—*Bill of Exceptions.*—*Time of Filing.*—Where time has been given, beyond the term, for filing a bill of exceptions, the transcript must affirmatively show that it was filed within the time limited.

From the Randolph Circuit Court.

*A. Jaqua* and *I. P. Gray*, for appellant.

*E. L. Watson* and *L. J. Monks*, for appellee.

BUSKIRK, J.—This was an action by appellee against appellant upon a promissory note executed by the appellant to G. D. Wharton, and by him assigned to the appellee.

There was issue, trial by the court, and finding for appellee. Motion for a new trial overruled, and judgment on the finding.

It is insisted by counsel for appellee, that the record presents no question for our decision, and various reasons are assigned.

1. That there is no proper assignment of errors.

2. That the bill of exceptions is not in the record.

3. That, conceding that the bill. of exceptions was filed within the time limited, it is so defectively copied into the transcript as to present no question.

There is an assignment of error on a loose and detached paper. There has been attached to the record with mucilage a paper indorsed a copy of the assignment of errors and a copy of the joinder in errors. In both the assignment and the copy, the names of the parties are transposed.

Thirty days time was granted the appellant to file a bill of exceptions. There is in the transcript, just preceding the bill of exceptions, a statement as follows: " And the defend- ant now comes, within the time granted by this court, and files this his bill of exceptions in this cause."

The judgment was rendered on the 9th day of April, 1872. There is no date to the bill of exceptions. The certificate of the clerk to the transcript is made on the 18th day of May, 1872. The transcript, including the certificate of the clerk, was completed without incorporating the bill of excep- tions. The first certificate was erased, and the bill is then copied, and a new certificate made.

The bill of exceptions does not contain the evidence, but relates to the action of the court in overruling motions to suppress certain questions and answers in certain depositions and an application to make G. D. Wharton a party. The bill of exceptions contains in proper places the words [here insert]. The clerk, instead of inserting the said motions in the places indicated, has copied the motions into the tran- script and has filled the places indicated in the bill of exceptions by a reference to the page in the record where such motions could be found.

It is very obvious that no question is presented by the record. Sec. 568, 2 G. & H. 275, requires that the assign- ment of error must be entered on the transcript. Attach- ing a copy of the assignment of errors can not be regarded as a compliance with the statute. The objection being made and insisted upon, the appeal must be dismissed.

It has been many times decided by this court that where

time is given beyond the term for filing a bill of exceptions, the transcript must show affirmatively that it was filed within the time limited. This fact is usually shown by stating the time when the bill was filed. When the time of filing is shown, we are enabled to see and know for ourselves whether it was filed in time. We suggest to counsel, whether it is sufficient for the clerk to state that the bill was filed within the time limited, without giving the date.

As to the proper mode of inserting motions and documentary evidence into a bill of exceptions, see *Stewart* v. *Rankin*, 39 Ind. 161, and *Kesler* v. *Myers*, 41 Ind. 543.

The appeal is dismissed, at the costs of appellant.