No. 9517.

DEPUTY v. HILL, ADMINISTRATOR.

APPEALS TO SUPREME COURT.—*Assignment of Errors.*—*Appellant's Complaint.* —*Dismissal.*—On an appeal to the Supreme Court the appellant must, under section 655, R. S. 1881, enter on the transcript a specific assignment of all errors relied upon. The assignment of errors constitutes the complaint of the appellant in the Supreme Court, and, in the absence of such an assignment, the appeal will be dismissed.

From the Jennings Circuit Court.

*W. Dixon* and *L. Dixon,* for appellant.

*A. G. Smith,* for appellee.

HOWK, J.—The appellee has moved this court in writing to dismiss the appeal in this case, for the following causes:

" 1. Because there is no assignment of error filed herein, and none was ever filed; and,

" 2. Because said case has been on the docket of this court during two terms, without being submitted."

The appellant has appeared to this motion, and by a counter motion has asked leave and offered to file now an assignment of errors.

The transcript in this case shows that the judgment below was rendered on the 12th day of June, 1880. Two days before the expiration of the year within which an appeal could be taken from the judgment, to wit, on the 10th day of June, 1881, the transcript was filed in the clerk's office of this court, as and for such appeal. Of course the appeal was taken in vacation, and not in term, for it could not be taken otherwise at the time. Under section 556 of the civil code of 1852 (section 640, R. S. 1881), appeals might be taken after the close of the term at which the judgment was rendered, in two modes: 1. By serving notice in writing on the adverse party or his attorney, and also on the clerk of the proper court, " stating the appeal from the judgment or some specific part thereof; " or, 2. By procuring from the clerk of the court a transcript of the record and proceedings in the suit,

or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of this court, who should endorse thereon the time of filing, and issue a notice of the appeal to the appellee.

In this case it is manifest that the appellant intended and attempted to take his appeal in the second mode by procuring and filing a transcript of the record in the clerk's office of this court; but it does not appear that any notice of his appeal, by his procurement or otherwise, has ever been issued to the appellee. If the appellant had caused the proper notice to be issued to the appellee at the time of filing the transcript, the appeal would have stood for trial at the November term, 1881, of this court; and, in that event, the law would have required him to enter on the transcript, on or before the first day of that term, "a specific assignment of all errors relied upon." Section 655, R. S. 1881. In *Pruitt* v. *Edinburg, etc., Turnpike Co.,* 71 Ind. 244, the appeal was dismissed for the want of any assignment of errors. The court said: "This assignment of error constitutes the appellant's complaint or cause of action, in this court. In the absence of such an assignment, we are not informed, in any legal manner, of what supposed errors the appellant complains, or upon what grounds the judgment below is sought to be reversed." *Hays* v. *Johns,* 42 Ind. 505; *Wiggs* v. *Koontz,* 43 Ind. 430; *Pahmeyer* v. *Groverman,* 60 Ind. 7; *Elder* v. *Sidwell,* 66 Ind. 316.

We are of the opinion, therefore that the appellee's motion to dismiss this appeal, for the want of any assignment of error entered on the transcript, is well taken and must be sustained. No sufficient excuse is shown for the failure and neglect of the appellant to prosecute his appeal, with reasonable diligence, and his counter motion must be and is overruled.

The appeal is dismissed, at the appellant's costs.