## HUBER ET AL. *v.* TIELKING ET AL.

[No. 8,155. Filed January 16, 1914. Motion to Modify Order of
Dismissal denied February 26, 1914.]

1. APPEAL.—*Time for Perfecting.*—Under §672 Burns 1908, §633
R. S. 1881, an appeal must be taken within one year from the
time the judgment is rendered, but where judgment precedes the
overruling of the motion for new trial the time for taking the
appeal begins to run from the date of the ruling on such motion.
p. 578.

2. APPEAL.—*Assignment of Errors.—Failure to File in Time.—Dis-
missal.*—The assignment of errors constitutes the complaint on
appeal and must be filed within the time allowed by statute, so
that where the time for completing an appeal has elapsed without
an assignment of errors having been filed, a dismissal of the
appeal is required, since the court is without power to extend the
time for filing such assignment. p. 578.

3. APPEAL.—*Right to Prosecute Appeal.—Assignment of Errors.—
Failure of Coappellant to File.*—The right to prosecute an appeal
by one, who has properly perfected same and filed an assignment
of errors, is not affected by the fact that a coappellant has failed
to file its assignment of errors in time. p. 578.

4. APPEAL. — *Assignment of Errors. — Manner of Presenting.* — By
virtue of §696 Burns 1908, §655 R. S. 1881, as well as by Rule 4
of the court, appellant is required to make a specific assignment
of errors on the transcript, or on some paper attached thereto, so
that an assignment on a detached paper, though filed in time, can-
not be considered a proper assignment of errors. p. 579.

From Superior Court of Marion County (79,341) ; *Vinson
Carter,* Judge.

Action between William D. Huber and others and Henry
W. Tielking and others. From the judgment rendered,
William D. Huber and others appeal. *Appeal dismissed.*

*T. J. Moll, J. O. Carson* and *Clarke & Clarke,* for appel-
lants.

*Samuel Ashby,* for appellees.

LAIRY, C. J.—The decree was rendered in this case on
July 9, 1910, and the motions for a new trial were overruled

on September 17, 1910. The transcript was filed in this court on September 12, 1911. On October 6, 1911, the Illinois Surety Company, one of appellants, filed a petition in this court asking leave to file errors, which petition was denied.

It is provided by statute that appeals must be taken within one year from the time the judgment is rendered, but the courts have held that in case the judgment 1. precedes the ruling upon the motion for a new trial, the time for taking an appeal begins to run from the date on which the motion for a new trial is overruled. §672 Burns 1908, §633 R. S. 1881; *Joyce* v. *Dickey* (1885), 104 Ind. 183, 3 N. E. 252; *Moon* v. *Cline* (1895), 11 Ind. App. 460, 39 N. E. 432.

The assignment of errors constitutes the complaint on appeal and it must be filed within the time allowed by the statute. This court has no power to extend the time 2. for perfecting an appeal beyond that fixed by the legislature. No showing however strong can be considered as sufficient to warrant the exercise of a power which the court does not possess. As no appeal was perfected in this case no question is presented for decision.

## On Motion to Modify Order of Dismissal.

LAIRY, C. J.—William Huber and others as trustees file a petition to modify the order of dismissal so as to limit the same to the Illinois Surety Company, for the reason, as claimed, that Huber and others, trustees, filed an assignment of errors within the time allowed by the statute for perfecting a vacation appeal and that they are entitled to have the errors so assigned, considered by this court. If it were true that Huber and others had filed an assignment of errors and given the proper notice within the 3. time allowed and in the manner provided by the statute, their rights to prosecute this appeal could

not be affected by the failure of the Illinois Surety Company to file its assignment of errors in time.

The statute and the rules of the Supreme and Appellate Courts require that appellant shall make a specific assignment of error on the transcript or upon some paper attached thereto. §696 Burns 1908, §655 R. S. 1881; Rule 4, Rules of Supreme and Appellate Courts. Huber *et al.* trustees, did not assign errors on the transcript or on any paper attached thereto. By this motion our attention is called to a paper purporting to be an assignment of error by these parties which bears a file mark of the clerk of this court under date of September 12, 1911. This paper was found among motions and other papers filed in this case which are contained in a jacket provided for that purpose. It is not attached to the record and cannot be considered as a proper assignment of errors. *Hays* v. *Johns* (1873), 42 Ind. 505; *Wiggs* v. *Koontz* (1873), 43 Ind. 430; *Moore* v. *Hammons* (1889), 119 Ind. 510, 21 N. E. 1111. The motion to modify the order of dismissal is denied.

Note.—Reported in 103 N. E. 853; 104 N. E. 314. As to the scope and effect of writs of error, see 91 Am. Dec. 193. See, also, under (1) 2 Cyc. 793; (2) 2 Cyc. 1004; (4) 2 Cyc. 1005.