HENRY ET AL. *v.* STATE, EX REL. THUERMER ET AL.

[No. 25,055. Filed May 18, 1926.]

1. APPEAL.—*An assignment of errors must be indorsed on the transcript or on some paper attached thereto, and this must be done within the time allowed for taking an appeal.*—Under §719 Burns 1926, §696 Burns 1914, and Rule 4 of the rules of the Supreme Court, an assignment of errors must be indorsed upon the transcript or upon some paper attached thereto, and this must be done within the time allowed for taking an appeal. p. 679.

2. APPEAL.—*Election commissioners having taken a term-time appeal to avoid an order of mandate requiring them to place relator's names on official ballot, and thereafter abandoned the appeal, which was dismissed, held not entitled to withdraw transcript for purpose of perfecting vacation appeal.*—Where election commissioners took a term-time appeal from an order mandating the board to place on the official ballot for an approaching election the names of the relators in the action for mandate and thereafter disregarded the order and omitted said names from the ballot, thereby precluding the relators from receiving any votes at such election, and thereafter abandoned said appeal, which was dismissed, their application to be allowed to withdraw the transcript for the purpose of using it in perfecting a vacation appeal was denied for lack of diligence. p. 680.

From Dearborn Circuit Court; *J. R. Hinshaw,* Special Judge.

Action in mandate by the State of Indiana on the relation of Harry Thuermer and another against Jesse Henry and others as city election commissioners. From a judgment for the relators, the defendants took a term-time appeal, which they abandoned and it was dismissed. Thereafter, they filed a petition to withdraw the transcript for the purpose of taking a vacation appeal, which was denied.

*Thomas C. Carmichael, Orbison, Zechiel & Orbison* and *Telford B. Orbison,* for appellants.

*McMullen & McMullen* and *Wickens & Hamilton,* for appellees.

PER CURIAM.—Appellants have filed a petition for leave to withdraw the transcript of the appeal in this cause, which was dismissed on February 8, 1926, under Rule 21, because of their failure to comply with the rule of court requiring them to file a brief within sixty days after the cause was submitted, and state in their petition that, "appellants now desire to withdraw the transcript in this appeal for the purpose of perfecting a vacation appeal."

The judgment appealed from was rendered October 27, 1925, to the effect that appellants, as constituting the city board of election commissioners of the city of Aurora, Indiana, were thereby, "ordered, directed and required to place the names of said candidates (appellee's relators) and each of them on said ballot (to be voted at the city election in November) for said election as nominees of said party," etc. Appellants prayed an appeal and filed an appeal bond, and, on October 29, perfected a term appeal by filing a transcript and assignment of errors in the Supreme Court. At the same time, they filed a brief and a motion to advance, asking that the appeal be decided before the election which was to be held five days later, and on Friday evening, October 30, that motion was called to the attention of one of the judges of this court. The Supreme Court postponed action on the motion to advance until the briefs should be filed. On November 3, appellants, acting as the city board of election commissioners, in disregard of the judgment appealed from, distributed ballots which did not contain the names of appellee's relators as candidates, and those ballots were used in voting at the election held that day; with the necessary consequence that appellee's relators received no votes at all. On November 12, said relators filed an action to contest the election, and the same day appellants filed a motion for leave to withdraw the brief

previously filed with their motion to advance, and thereafter to file a brief in the regular course, which petition was granted and that brief was withdrawn. On November 28, this cause was submitted. On January 4 (being the first Monday in January), the persons who had received the largest number of votes at the November election claimed and took possession of the city offices, excluding the officers who had previously held them. On January 12, the city officers thus superseded brought an action of *quo warranto* against the candidates who had received the most votes at the November election, to oust them from the city offices of which they had thus taken possession, and summons in that action was issued and served, returnable January 25. On January 27, the time allowed within which to file a brief on behalf of appellants expired. On February 8, the appeal was dismissed under Rule 21 because no brief had been filed or offered for filing. During all of this time, the action to contest the election and the action of *quo warranto* had remained pending in the circuit court without being brought to trial. On March 12, appellants filed a petition for leave to withdraw the record in which they stated, "that appellants did not file their brief within the time allowed for a term time appeal * * * for the reason that the appellees did not start any action to contest the said election as held in the city of Aurora within the time in which it was necessary for appellants to file their brief," and, "that appellants now understand and believe and have reason to believe that appellees are going to contest the election held in the city of Aurora, Dearborn county, in the State of Indiana, on the third day of November, 1925." And also that they did not file their brief within the time allowed, "for the reason that appellees did not gain or become elected to any of the offices voted upon at the election in the city of Aurora on the third

day of November, 1925." No notice of the filing of this petition having been served, the attorneys for appellants were orally directed to serve such a notice, and on April 8, a written notice, not signed by appellants' attorney, was exhibited to an attorney representing appellee's relators, when he refused to acknowledge service thereof, stating that he refused because it had not been so signed. The suit to contest the election, commenced on November 12, and the action of *quo warranto* commenced on January 12, both remained pending continuously until April 19, on which date, judgment of ouster was rendered against the candidates who had received the greater number of votes and had been declared elected in November. On April 20, being the next day after that judgment was rendered, notice was duly served of the petition for leave to withdraw the transcript of the appeal in the action of mandamus in order to take another appeal, and on April 22, proof that it had been served was filed in this court. Upon a suggestion that the time allowed for taking an appeal (180 days) would expire on April 24, this court entered an order, on April 23, reciting that time was granted within which to present objections to the withdrawal of the transcript, "and that in the meantime appellants are granted leave to indorse on the transcript in this cause an assignment of errors as for a new appeal, subject to future determination by the court whether or not such transcript shall be deemed withdrawn and refiled as of this date with such assignment of errors, or whether leave   *   *   *   shall be denied."

From the foregoing, the conclusion irresistibly follows that the original appeal was perfected with the purpose to print ballots which did not contain the names of appellees as candidates, in violation of the mandate of the judgment appealed from, so that appellee's relators might have no possible chance of election; that

the appeal was afterward abandoned in the belief that, by so doing, in violation of this judgment, they had made some other candidates secure of election thereto; and that it was only after the result of the action of *quo warranto* had convinced them they were mistaken in these particulars that they really set about perfecting a vacation appeal in earnest. Also, it is obvious that the assertion that the reason for not filing a brief in the original appeal within the time allowed was because no action to contest the election had been commenced when the time for filing briefs in the term appeal expired is not true; but that the suit to contest and the action of *quo warranto* were both pending, and appellants had been brought into court to answer in both actions before such time expired.

Neither have appellants shown diligence in taking the steps necessary to perfect a new appeal, even if leave to withdraw the transcript should be grant-

1. ed. For, notwithstanding the order made before the expiration of the time allowed for perfecting an appeal by which they were "granted leave to indorse on the transcript an assignment of errors" at that time, subject to future determination whether or not the transcript should thereafter be deemed withdrawn and refiled, together with such assignment of errors, no assignment of errors has been indorsed upon or attached to, or in any way made a part of, the transcript, in compliance with the statute which requires "a specific assignment of all errors relied upon, to be entered upon the transcript" as appellant's pleading in taking an appeal (§719 Burns 1926, §655 R. S. 1881), and with the rule of court which expressly requires the assignment of errors to be made "on the transcript, or on some paper attached thereto," (Rule 4), and with repeated decisions to the effect that errors cannot effectively be assigned in any other way. *Moore* v. *Ham-*

*mons* (1889), 119 Ind. 510, 21 N. E. 1111; *Huber* v. *Tielking* (1914), 55 Ind. App. 577, 579, 104 N. E. 314; *King* v. *Hoover* (1914), 57 Ind. App. 558, 561, 105 N. E. 172; Ewbank's Manual §125.

We do not think appellants have presented a case calling for the exercise by this court of its discretionary power to aid them in perfecting a second appeal on the original transcript of a cause in which the first appeal was taken and then suffered to be dismissed under the circumstances above set out, and in which the attempt to take a second appeal on the same transcript was not more diligently pursued.

Leave to withdraw the transcript is denied.