## CADWELL ET AL *v.* TEANEY ET AL.

[No. 25,217. Filed June 2, 1927. Rehearing denied February 3, 1928].

1. QUO WARRANTO.—*All officers elected at one election were properly joined in action to determine their right to hold the offices to which they were elected.*—Where the rights of several persons to hold offices depended on the validity of one election, it was proper to join them as defendants in an action by information in the nature of *quo warranto* to determine the right of the persons elected at such election to hold their respective offices, as the election, if bad as to one, was bad as to all. p. 638.

2. QUO WARRANTO.—*Until their successors are legally elected and qualified public officers have sufficient interest in their offices to maintain action to determine validity of election of successors.*—Public officers, being elected for a definite term and until their successors are legally elected and qualify according to law, have such an interest in their respective offices as would authorize them to maintain an action in the nature of *quo warranto* to determine the legality of the election at which their successors were elected. p. 638.

3. JUDGMENT.—*Judgment valid though not entered in order-book, read in open court or signed by the judge.*—It is not a prerequisite to a valid judgment that it be recorded at length in the order-book, read in open court and signed by the presiding judge, as required by §1397 Burns 1926, as the statute merely provides that these steps shall be taken before any process issues on the judgment. p. 640.

4. JUDGMENT.—*Judge not required to sign each judgment rendered.*— Under the provisions of §1397 Burns 1926, a judge is not required to sign each judgment as it is rendered, but is only required to sign the record of each day's proceedings. p. 640.

5. APPEAL.—*All reasonable presumptions are indulged in favor of the trial court.*—All reasonable presumptions are indulged by an appellate tribunal in favor of the rulings, proceedings and judgment of the trial court, and nothing will be presumed in favor of appellant to sustain his alleged errors. p. 640.

6. JUDGMENT.—*Special judge may sign record of proceedings at any time, and, refusing to do so, he may be mandated.*—A special judge may sign the judgment in the cause in which he is officiating at any time in the future, even at the next term of court, and, if he refuses to sign the record of the proceedings, he may be mandated to perform that act. p. 640.

7. MANDAMUS.—*Appeal from judgment in mandate does not vacate the judgment.*—Though an appeal lies from a final judgment in mandate, it, in no sense, vacates the judgment, even though an appeal bond is given which acts as a *supersedeas*, and appellants may not disregard the mandate of the court during the pendency of the appeal. p. 641.

8. MANDAMUS.—*Mandate of election officials binding on them pending appeal from the order.*—An order of mandate requiring election commissioners to print a certain ticket on the official ballot was binding on the parties thereto pending an appeal therefrom. p. 642.

9. QUO WARRANTO.—*Court authorized by statute to give judgment of ouster from offices illegally held by respondents and to order books and papers delivered to former officers.*—In a proceeding by city officers in the nature of *quo warranto* to determine the right of their successors to hold the offices to which the latter had been elected, the court had the power to give judgment of ouster against the respondents (§1218 Burns 1926) and also to order the respondents to deliver to the relators all the books and papers within the custody of the respondents which belonged to the respective offices from which they were to be ousted (§1215 Burns 1926). p. 642.

From Dearborn Circuit Court; *Burton B. Berry,* Special Judge.

Action in the nature of *quo warranto* by Louis Teaney and others against Erastus W. Cadwell and others to determine the right to certain city offices. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Crawford A. Peters* and *Richard L. Ewbank,* for appellants.

*Wickens & Hamilton* and *McMullen & McMullen,* for appellees.

TRAVIS, C. J.—This is a suit by information in the nature of a *quo warranto* by the appellees who were the relators in the court below against the appellants who were respondents. (§§1208, 1209, 1212, 1215 and 1218 Burns 1926). Relators Libbert, Marshall, Dorrell and Thompson were elected at the general election November, 1921, to the offices of mayor, councilman for the first ward, councilman for the second ward, and councilman at large, respectively, for the city of Aurora. Respondents Teaney and Fleming were members of the common council of said city by virtue of an election held in November, 1921. Their terms of office began January 1, 1922, as did those of the relators. They were made respondents for the reason that they did not consent to join as relators in this action. There had been held in May, 1925, pursuant to the statutes of this state, a primary election for the purpose of nominating candidates on the Democratic and Republican tickets, which candidates were to be upon the official ballot to be voted at the election in November, 1925. On October 10, 1925, certain citizens duly filed their petition with the city clerk of said city, nominating as candidates for the Citizens' party, a ticket to be placed upon the official ballot to be used in the election November, 1925. Thereafter, and prior to the day of election, a suit in the nature of mandamus was brought by certain citizens of said city, against the board of election commissioners of said city, and Jesse Henry, city clerk, and Joseph Kinnett, which suit proceeded to issue and trial, which resulted in a judgment in favor of the relators and against respondents. The election commissioners were ordered to print said Citizens ticket upon the official ballot to be voted at the November election 1925. The respondents appealed from this judgment to the Supreme Court and

gave bond for $500. Thereafter respondents, as appellants, withdrew their brief on appeal and thereafter said appeal was dismissed for failure of appellants to file a brief (*Henry* v. *State, ex rel.* [1926], 197 Ind. 675, 151 N. E. 824). The entry of the judgment in the order-book in the suit to mandate had not at that time been signed by the trial judge. In the allegations in the information in this action, it appears that the election commissioners, who were respondents in the mandate proceeding, disobeyed the mandate and submitted ballots to the election inspectors upon which were printed the candidates named at the primary election for both the Democratic and Republican tickets, but did not have printed thereon the candidates named by petition for the Citizens' party ticket. At the election held, the winning candidates were from both the Democratic and Republican tickets, the candidates of neither party ticket as a whole having been elected. The board of election commissioners delivered to the candidates receiving the highest number of votes certificates of election, and the persons holding these certificates took oaths of office, filed bonds where necessary, and, on the first Monday in January at noon, 1926, demanded the respective offices from those who held office by virtue of the preceding election until noon the first Monday of January, 1926. The several officers, part of whom are relators in this action, who had been elected at the November election 1921, surrendered such offices under protest, which protest was reduced to writing and delivered to those who claimed the offices by virtue of certificates of election based upon the election November, 1925. Thereafter, January 12, 1926, relators brought this action, which inquired into the right of the respondents to hold the offices of which they are now in possession.

The errors relied upon to reverse the judgment herein

are based upon two motions which attack the jurisdiction of the court, both as to the persons and to the subject-matter, which were both overruled, and respondents' separate and several demurrers to the information, which were overruled, and to relators' separate and several demurrers to respondents' affirmative answer, which were sustained, and the action of the court overruling respondents' motion for a new trial. To hold that the motions in question are well taken would result in a multiplicity of suits, the ultimate decision in each suit depending entirely upon whether or not respondents had been legally elected.

Under the motions hereinbefore referred to, respondents relied upon the proposition that there was a misjoinder of parties in this action, in that inquiry 1. might not be made in one action as to the rights of several parties to hold offices now in their possession, but that the action should be separate for each office. The opinion of the court is that both motions were correctly overruled. In this action the rights of the different persons to hold the separate city offices and which were in question, all depend upon one and the same election. If the election was bad as to one, it was bad as to all. *Commonwealth* v. *Stevens* (1895), 168 Pa. St. 582, 32 Atl. 111.

Respondents' demurrer to the complaint and their affirmative answer bring before the court the same question of law presented by the motions, and challenge 2. lenge the jurisdiction of the court, and also the right of the parties to sue. Under the demurrer appellants make the proposition that because the terms of office of the relators expired at noon the first Monday in January, 1926, and that they had surrendered their several offices, they did not have such an interest as would legally support them as relators in an information in the nature of a *quo warranto*. This proposition as-

sumes that the relators are not suing as citizens, but only from an interest they would derive as such officials. Relators, by virtue of their election November, 1921, and having qualified and entered upon their official offices January, 1922, were entitled to hold such offices for a term of four years and until their successors were duly and legally elected and qualified as their successors according to law. If there had been no election, or there having been an election if void, there is no one to succeed them. And according to the statute they had a right to the several offices to hold over until they were succeeded in office as provided by law. They therefore had an interest that would support them as relators in this action. The action of the court overruling the demurrers to the complaint did not constitute error.

Under the same reasoning the action of the court sustaining the demurrers to respondents' affirmative answer did not constitute error.

The remaining alleged error is predicated upon the order overruling appellants' motion for a new trial. The propositions to sustain the motion for a new trial are based upon the allegations that the finding is not sustained by sufficient evidence, and that it is contrary to law. The first point to sustain this proposition is an attack upon the evidence. It is sought to show that the petition filed by the electors, by which they sought to place a Citizens' ticket upon the official ballot, did not comply with the statute in such case made and provided. Much space is given in the brief to this proposition. It is sufficient as an answer to quote the evidence in the case as it appears from a narration of the evidence in appellants' brief at the first one of the pages which are numbered sixty-six, wherein appellant sets out *in haec verba* the stipulation and agreed statement of facts, in which statement among other things concerning the petition now assailed, appellants stipulate that "the said

petition was in all things in due form and sufficient."

Appellants have sought to show by the return to a certiorari that the judgment in the case of *Henry* v. *State, ex rel., supra*, had not been read in open court, and had not been signed by the special judge who tried the cause (§§1397, 1398 Burns 1926), and make the proposition that because of such failure to have read the proceedings of the court in the proper order-book of the finding and judgment, and because of the failure of the special judge to sign such order, there is no judgment. The stipulation hereinbefore referred to, entered into by appellants, shows in relation to said suit for mandate "thereupon said cause was submitted for trial . . . finding and judgment, and after the evidence was heard and the court duly advised, said court found in favor of the plaintiffs herein and then and there ordered and directed that said board of election commissioners place said Citizens' ticket on the official ballot to be voted for on November 3, 1925, in the regular city election of said city of Aurora." It is not a prerequisite to a valid judgment that it should be recorded at length in the proper order-book and to be publicly read in open court and signed by the presiding judge. The statutory requirement is only to the effect that "no process shall issue on a judgment or decree of court until it shall have been so read and signed." §1397 Burns 1926. *Kent* v. *Fullenlove* (1872), 38 Ind. 522. Appellees, in a separate brief, counter with the proposition that it does not appear by appellants' application for writ of certiorari that the entire record of this cause or the record of the day's proceedings in this cause were not signed by the special judge, and make the point that the statute does not require that each entry concerning each and every action of the court must be signed separately. It has heretofore been decided by this court (*Ferris* v. *Udell* [1894], 139 Ind. 579, 592, 38 N. E. 180)

that the judge is not required to sign each judgment as it is rendered, but is only required to sign a record of each day's proceedings once. The record in the case at bar does not affirmatively show that there were not other entries in this case of that day's proceedings. It has many times been held that all reasonable presumptions are indulged by an appellate tribunal in favor of the rulings and judgment of a trial court, and that the record upon appeal must exhibit the alleged errors for which the reversal of the judgment is sought, and that the court will not presume anything in favor of appellant to sustain his alleged error. Ewbank's Manual (2d ed.) §122. If it were shown here affirmatively that the order here in question of the judgment was the only entry of that day which the special judge could have signed, it would not be fatal, because the judgment would not be void. See *Catterlin* v. *City of Frankfort* (1882), 87 Ind. 45. The special judge may, at any time thereafter, even at the next term of court (*Kent* v. *Fullenlove, supra*), sign the record, and upon refusing to so sign the record of the proceedings he may be mandated to perform that act.

Appellants make the proposition that the finding of the court is contrary to law, for the reason that though the judgment in the suit in mandate (*Henry* v. *State,*

7. *ex rel., supra*) were a good and valid judgment without having been signed by the trial judge, as he asserts, yet an appeal had been taken from the judgment and an appeal bond given, which acted as a supersedeas, from which it follows, as appellant contends, that the election commissioners were not bound by the mandate, that is, they were not bound to print the Citizens' ticket upon the official ballot at any time during the pendency and before the dismissal of the appeal in that case by this court. Concerning this proposition, this court said in its opinion in the mandate case (197 Ind.

675, *supra*) after stating the facts: "From the fore-going, the conclusion irresistably follows that the original appeal was perfected with the purpose to print ballots which did not contain the names of appellees relators as candidates, in violation of the mandate of the judgment appealed from, so that appellees' relators might have no possible chance of election; that the appeal was after-ward abandoned in the belief that, by so doing, in viola-tion of this judgment, they had made some other candi-dates secure of election thereto."

The action of *quo warranto* is an extraordinary legal remedy, and like its sister action for injunction, seeks an extraordinary power to be manifested by the court. Although an appeal lies from a final judgment to enjoin, and even though a bond be given, it in no sense vacates such judgment, neither may the parties sought to be restrained carry into effect pend-ing the appeal the thing sought to be restrained by such judgment. The same reasoning applies in the case at bar. The mandate was binding upon the parties, even pending the appeal. *Hawkins* v. *State* (1890), 126 Ind. 294, 26 N. E. 43. Overruling appellants' motion for a new trial did not constitute error.

The relators in this action are city officials who were duly and legally elected, qualified, and acting city offi-cials of the city of Aurora. Under the statute (§1218 Burns 1926), the court had power to give a judgment of ouster against the respondents, and the relators by virtue of their official position had the right to hold office for a term of four years, "and shall continue to serve until their successors are elected and qualified." §10266 Burns 1926. And the judgment having been rendered in favor of relators and they, being the only legally elected officials to the positions in question, had a right to exercise the functions of the several offices, and the court had the right to order

delivered to the relators all the books and papers within the custody of respondents which belonged to the several offices from which they, the respondents, were by such judgment ousted. §1215 Burns 1926. The judgment conformed to the statutes.

Judgment affirmed.

Martin and Gemmill, J. J., not participating.