CITY OF AURORA *v.* MORTEN.

[No. 26,599. Filed June 8, 1937. Rehearing denied October 25, 1937.]

*Estal G. Bielby, Hartell F. Denmure* and *Chester E. Bielby,* for appellant.

*Wickens & Wickens,* for appellee.

HUGHES, J.—In this case it seems to be advisable to give the background in detail. At the general city election held in the city of Aurora, Indiana, in November, 1921, the following city officers were elected: Edward L. Libbert, mayor, and Jesse Henry, city clerk. Also, other parties were elected as councilmen from the different wards. The said elected officers were qualified and assumed their duties on January 2, 1922. They were elected for a term of four years, or until their successors were duly elected and qualified.

At the primary election in 1925, Felix F. Denmure was nominated on the Democratic ticket for the office of mayor of said city and Jesse Henry for city clerk-treasurer. On the Republican ticket Erastus W. Cadwell was nominated for mayor and J. Lawrence Fowler for city clerk-treasurer. After the primary election in 1925 certain citizens of said city formed a Citizens' Party to have a Citizens' ticket placed upon the ballot to be voted on at the general election in said city in November, 1925, and filed a petition to have certain names placed upon the ballot to be voted for the various city offices. The

petition was presented to the city board of election commissioners, who refused to recognize the same and refused to place the names of the Citizens' candidates on the ballots to be used in the city election.

When the election commissioners refused to recognize the Citizens' ticket, a mandate suit was filed in the Dearborn Circuit Court of the State of Indiana on the relation of Henry Thuermer, Frank Morten, Clyde Abdon and Frank Hopping against the Board of Election Commissioners of the city of Aurora, Indiana, Jesse Henry, Joseph Kinnett and Harry R. McMullen, who was one of the election commissioners. Said mandate proceedings were tried before Special Judge J. R. Hinshaw, and in October, 1925, he found in favor of the relators and issued a mandate against said defendants mandating the election commissioners and proper authorities of said city to place upon the official city ballot for the general election held in November, 1925, the names of the candidates on the Citizens' ticket that were presented to said election commissioners. This case was appealed by the defendants to the Supreme Court of Indiana. A term time appeal was taken which was abandoned and the appeal dismissed. *Henry et al.* v. *State ex rel. Thuermer et al.* (1926), 197 Ind. 675, 151 N. E. 824. The appellants then filed a petition to withdraw the transcript for the purpose of taking a vacation appeal, which was denied. In denying the petition the court said (p. 678):

"From the foregoing, the conclusion irresistibly follows that the original appeal was perfected with the purpose to print ballots which did not contain the names of appellees as candidates, in violation of the mandate of the judgment appealed from, so that appellee's relators might have no possible chance of election; that the appeal was afterward abandoned in the belief that, by so doing, in violation of this judgment, they had made some other candidates secure of election thereto; and that it

was only after the result of the action of *quo warranto* had convinced them they were mistaken in these particulars that they really set about perfecting a vacation appeal in earnest."

At said election in 1925, Erastus W. Cadwell was elected mayor and Jesse Henry, clerk-treasurer. In January, 1926, the State of Indiana on the relation of Edward J. Libbert, who was elected mayor of said city in the election of 1921, William Marshall and James Thompson, who were elected to the city council in the election of 1921, and others, brought a suit by way of information in the nature of a *quo warranto* against the said Erastus W. Cadwell, mayor, elected in the general city election of 1925; Jesse Henry, who was elected clerk in 1921 and clerk-treasurer in 1925, and others, who were elected councilmen; a trial of said case was had and judgment was rendered on April 19, 1926, by Burton B. Berry, special judge, who found in favor of the relators. An appeal was taken to the Supreme Court of Indiana, and the decision of this court is found in *Cadwell* v. *Teaney et al.* (1928), 199 Ind. 634, 157 N. E. 51.

The lower court found and adjudged that no person was entitled to hold office by virtue of the election held on November 3, 1925, and that said election was null and void and ordered that a writ of ouster be issued against Erastus Cadwell et al. and ordered said offices turned over to Libbert et al. This court on June 2, 1927, affirmed the judgment of the lower court and on February 3, 1928, denied a motion for a rehearing. The writ of ouster was issued and served the early part of February, 1928, upon those persons acting as city officers by virtue of the city election of 1925, and when said writ of ouster was served, all of the officers who were elected in November, 1925, vacated their respective offices.

Libbert, who was elected mayor in 1921, on April 19, 1927, the day judgment was rendered in the lower court, appointed appellee as clerk-treasurer of said city.

The appellee, Frank E. Morten, filed his complaint against the city of Aurora to recover for services rendered as clerk-treasurer from the 14th day of April, 1926, to the 1st day of February, 1928. He alleged in his complaint that he was appointed to the office of clerk-treasurer of said city by Edward L. Libbert, the mayor of said city, on April 14, 1926, while the record and certificate shows the appointment was made on April 19, 1926; that he was appointed to fill said office until his successor should be regularly elected and qualified, and that no successor was so elected and qualified until January 6, 1930; that immediately upon his appointment, he qualified and entered upon the discharge of the duties of his office and thereby he became entitled to all the fees and emoluments thereof; that he was illegally and unlawfully ousted therefrom by Jesse Henry, now deceased; that the said Henry had no title to the office at the time he ousted this plaintiff and intruded himself therein; that Henry's sole claim to said office was by virtue of said election held in said city on the — day of November, 1925, that said pretended election was illegal and void and was so adjudged by the Dearborn Circuit Court on the 19th day of April, 1926, and that said judgment has since remained at all time in full force and effect, and was on the 2nd day of June, 1927, affirmed by the Supreme Court of Indiana.

Appellee further alleges in his complaint that the city of Aurora and all officers thereof had full notice and knowledge of said judgment, and that during all the time complained of, Erastus W. Cadwell was the acting mayor of said city and Roscoe Hilton and John Griffin were members of the common council thereof; that after Henry intruded into said office and ousted

appellee therefrom, he, the appellee, filed with said city and with the common council thereof, his protest in writing informing the defendants that he was claiming and entitled to said office, and that any payments to said Henry for salary therefor would be illegal; that the appellee received no fees or emoluments from said office of clerk-treasurer from April 14, 1926, to February 1, 1928; and that said salary was paid by said city to the said Henry over the written protest of the appellee.

It appears from the record that the persons elected to the various offices in said city at the November election, 1925, including Jesse Henry as clerk-treasurer, received proper certificates of election from the election commissioners as duly elected officers of said city and it also appears that the said Henry performed all the duties as clerk-treasurer of said city of Aurora from April 14, 1926, to February 3, 1928, and was paid the salary which appellee is now demanding.

It was stipulated and agreed by the parties that Edward J. Libbert was elected mayor of the city of Aurora in 1921, and that he qualified and acted until January 4, 1926. On said date he and William W. Marshall, Wilkes A. Darrell, and J. M. Thompson, councilmen, filed a written surrender of the possession of their offices under protest.

It appears from the record that after Mayor Libbert surrendered possession of his office a few meetings of members of his administration were held in his office. He testified that:

"I think we held some meetings because we were told that we were still in office and the other men were only *de facto* officers."

It was further agreed and stipulated that on the 16th day of February, 1925, an ordinance was passed by the common council of the city of Aurora which provided

that the offices of the city clerk and city treasurer in said city shall be held and administered by the same person.

The appellee in his complaint asked judgment against said city for the amount of the fees and emoluments of the office of clerk-treasurer from April 14, 1926, to February, 1928, the amount of the plaintiff's demand being $2,920.00.

The defendant then filed two paragraphs of answer, the first being a general denial and the second alleging that at the time the appellee was appointed by the mayor as clerk-treasurer of said city there was no vacancy in said office; that it was held by one Jesse Henry, who had been duly elected November, 1921, to the office of clerk of said city, and that he took office and was legally sworn in on January, 1922, and gave bond, and was duly qualified; that on the 14th day of April, 1926, said Henry was qualified to hold said office; that he had not resigned and had not been removed by any court of competent jurisdiction. It was further alleged in said second paragraph of answer that as there was no legal election held in 1925 in said city, the said Jesse Henry was clerk of said city by virtue of the law of Indiana; that on the first Monday in January, 1926, the then acting and elected treasurer of Aurora vacated his said office and the said Jesse Henry then and there took over the duties of the said office of treasurer of the city of Aurora, and furnished the bond as required by law, and then and there furnished bond as required by law for the office of clerk of the said city of Aurora, and that he. continued to serve thereafter as clerk of said city and as the treasurer of said city, and was so acting and serving on the 19th day of April, 1926.

It is further alleged in said second paragraph of answer that the appellee was never legally elected, appointed, or qualified for the office of either clerk of the

city of Aurora or as treasurer of Aurora; that his entry into said office was made by violence and in an unlawful and illegal manner, and that all of his pretended acts as clerk or treasurer were unlawful and void.

There was a trial by the court and finding and judgment rendered in favor of the appellee in the sum of $2,895.20.

The error relied upon for reversal is as follows: The court erred in overruling appellant's motion for a new trial.

The reasons assigned in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in the assessment of the amount of recovery in that the amount assessed by the court is too large, as shown by the evidence.

There is no contention that Jesse Henry was not elected clerk of the city of Aurora in November, 1921, and assumed said office in January, 1922. It is contended, however, by appellee that he claimed the office of clerk-treasurer by virtue of the election of 1925 and that it can not be asserted now that he held over as city clerk under the election of 1921. It must be remembered that Henry is dead and the action is against the city and it is the city that is asserting its rights under the law. The election of 1925 was declared null and void and in February, 1928, a writ of ouster was issued against those holding office under said election and it was held in the case of *Cadwell* v. *Teaney, supra,* that the relators in said cause who had been elected in 1921, "by virtue of their official position had the right to hold office for a term of four years and shall continue to serve until their successors are elected and qualified." Libbert, who had been elected as mayor in 1921, on the — day of February, 1928, again assumed the duties as mayor. The writ of ouster only applied to

those who were elected in 1925, and took office in 1926. It did not apply to any who were elected in 1921. Jesse Henry was elected clerk in 1921, and took office in 1922. If Libbert, as mayor, was entitled to hold office by virtue of his election in 1921 the same rule of law would apply to Henry. The election of 1925 being null and void, he would then serve under the election of 1921, and until his successor was elected and qualified. It is contended that a new office, clerk-treasurer, was created on February 16, 1925, by the common council of the city of Aurora. In 1917 the General Assembly of the State of Indiana passed the following act:

"In cities of the fifth class the offices of clerk and treasurer may be held and administered by the same person, if the common council of any city shall order the same by an ordinance, duly adopted, provided, that such ordinance shall not be effective as to any incumbent of, or person duly nominated for or elected to either of such offices at the time such ordinance is passed."

It is specifically provided in said act, "that such ordinance shall not be effective as to any incumbent of, or person duly nominated for or elected to either of such offices at the time such ordinance is passed." It is also seen that neither office was abolished, but gave the council power to pass an ordinance permitting one person to hold both offices. When the election of 1925 was declared null and void then Henry continued in office under the election of 1921, and was not affected by the Act of 1917, p. 117. He was a *de jure* officer under the election of 1921, and was not ousted from said office under said election. Conceding that he only claimed office by virtue of the election of 1925, as clerk-treasurer of said city, we can not assent to the proposition that the city is estopped to resist the payment of the salary to the office to the appellee when it had already paid it to a *de jure* officer. Henry had no right to take from the city

its legal rights by asserting, as appellee contends, that he was only claiming to be clerk-treasurer under the election of 1925.

It is not within the power of an individual to thus take away the legal rights of a municipality and its taxpayers. It is provided in §3 of Art. 15 of the Constitution of Indiana that:

"Whenever it is provided in this constitution, or in any law which may hereafter be passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall have been elected and qualified."

It is held in the case of *State ex rel. Jett* v. *Ives* (1906), 167 Ind. 13, 78 N. E. 225, that this provision applies to municipalities. Speaking of the foregoing constitutional provision in the case of *The State ex rel. Carson* v. *Harrison* (1888), 113 Ind. 434, 16 N. E. 384, this court said (pp. 440-441):

"The policy of provisions of that nature is to prevent the happening of vacancies in office, except by death, resignation, removal and the like. They rest upon the assumption that the wiser and more prudent course is, in case the electoral body fails to discharge its functions, to authorize the incumbent to hold over until the succeeding election, rather than that a vacancy should occur to be filled by the appointing power. . . . The effect of the foregoing provision is more than to supply the office until an executive appointment can or shall be made with a person qualified to discharge its duties. It adds an additional contingent and defeasible term to the original fixed term, and excludes the possibility of a vacancy and consequently, the power of appointment, except in case of death, resignation, ineligibility or the like."

It was further said by the court (p. 442):

"It is certain, therefore, that all offices to which the above constitutional provision applies are held by the same title, or by as high and lawful tenure,

after the prescribed term until the title of a duly elected and qualified successor attaches, as before and during such term. . . . This right to hold over continues until a qualified successor has been elected by the same electoral body as that to which the incumbent owes his selection, or which by law is entitled to elect a successor."

In the case of *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E. 773, the same principle of law is announced. One William H. Tow was elected trustee of a certain township in 1888. At the April election in 1890, James H. Brown and Henry Murray were opposing candidates. While the election board was engaged in the counting of the votes Brown suddenly died and it was found that he had been elected. At the November election, appellant, Kimberlin, and appellee, Tow, were opposing candidates. Appellant was declared elected, received the certificate of election, and duly qualified. Later, there being a dispute as to the election, the county commissioners appointed appellant as trustee, but he did not file any new bond or take any steps to qualify under this appointment. The township funds were turned over to appellant. The appellee then filed suit to enjoin appellant from acting as trustee and he was successful in the lower court and the judgment was affirmed in this court. It was held that the election in November was void and that the appellee Tow who had been elected in 1888 was entitled to hold over until a qualified successor was elected by the same electoral body as that to which he owes his election and that no vacancy occurs in an office where the person elected to fill it dies before he qualifies, or dies after the polls are closed and before the result is ascertained. The court said (pp. 124-125) :

"The rule is that, where a person is in the possession of an office, under a constitutional or statutory provision like that found in our Constitution, and a successor is duly elected, but dies before he

qualifies, no vacancy occurs, since one of the contingencies upon which the incumbent's term of office is to expire has not taken place, namely, the qualification of a successor. . . . The weight of authority is that where there exists a constitutional provision such as we are now considering, a term of office fixed by statute runs not only for the period fixed, but for an additional period between the date fixed for its termination and the date at which a successor shall be qualified to take the office. The period between the expiration of the term fixed by statute and the time at which a successor shall be qualified to take the office is as much a part of the incumbent's term as the fixed statutory period."

It is also provided by statute that all elective city officers shall serve for four years and until their successors are elected and qualified. Section 10266 Burns 1926, §29-1809 Burns 1933, §11641 Baldwin's 1934. The election of 1925 was declared null and void, and therefore under the law those who were elected in the city election of 1921 in said city of Aurora were entitled to hold their respective offices until their successors were duly elected and qualified. As Henry was elected in 1921 he continued to be a *de jure* officer until he surrendered the office in February, 1928, and was entitled to be recognized as such officer and the money paid to him by the city for his salary was legally paid. The judgment in the *quo warranto* proceeding did not judicially declare or determine whether Henry was entitled to the office under the election of 1921. He was not an intruder or interloper, but a *de jure* officer, and the mere fact, if it be a fact, that he was only claiming to the office by virtue of the election of 1925 would not change the legal status of the city nor prevent it from asserting its legal rights as it has in the instant case. If the city had paid the money to Morten during the time in question there could be no question that it would have been an illegal payment.

As the Act of 1917 did not abolish the office of clerk,

but merely provided that they might be held and administered by one person and since it also provided that it should not be effective as to any incumbent or person duly nominated for or elected to either the office of clerk or treasurer, Henry was not affected by said act as far as his right to hold the office of clerk until his successor was elected and qualified. Under the Act there were still the two offices, clerk and treasurer, with the right of one person to hold both.

In the case of *Cadwell* v. *Teaney, supra,* the relators were Libbert, Marshall, Darrell and Thompson; the defendants, or respondents, were Cadwell, Henry, White, Griffin, Jackson, Hilton, Heidelman, Teaney, Fleming and Hill. Libbert was elected mayor and Marshall, Darrell and Thompson were elected councilmen at the election of 1921. Teaney and Fleming were elected councilmen in 1921, but refused to join as relators and were made respondents. It was said by the court in said cause (p. 639):

> "Relators, by virtue of their election in November, 1921, and having qualified and entered upon their official offices January, 1922, were entitled to hold such offices for a term of four years and until their successors were duly and legally elected and qualified as their successors according to law. If there had been no election, or there having been an election if void, there is no one to succeed them. And according to the statute they had a right to the several offices to hold over until they were succeeded in office as provided by law."

In the lower court the judgment was to the effect that Libbert, Marshall and Thompson were entitled to hold their respective offices until their successors were elected and qualified. A writ of ouster was ordered issued against Cadwell, Griffin and Jackson, but none as against Henry. His name was not mentioned in the judgment nor in the writ of ouster. The judgment did say: "It is further considered, ordered and adjudged

by the court that no person plaintiff or defendant is entitled to hold any of the offices referred to in the complaint by virtue of said election held on the 3rd day of November, 1925." There was nothing specifically said in the judgment of the lower court as to the status of Henry's rights under the election of 1921, but as it was held that Libbert, Marshall and Williams held over under the election of 1921 it necessarily follows that Henry did also.

Our attention has been called to the case of *Morton* v. *City of Aurora* (1933), 96 Ind. App. 203, 182 N. E. 259. The complaint in that case is practically identical with the one in the instant case. A demurrer was sustained to the complaint and the plaintiff appealed and the Appellate Court reversed the case with instruction to overrule the demurrer. We take no exceptions as to what was said by the court in ruling upon the demurrer. The rights of Henry and the obligations of the city under the election of 1921 was not presented or considered and therefore the case is not controlling here.

Much has been said in the briefs of the parties hereto concerning *de facto* officers, but inasmuch as we have reached the conclusion that Henry was a *de jure* officer and entitled to receive the salary and emoluments of the office it is unnecessary to discuss the law relative to *de facto* officers.

Complaint is made by appellee that the appellant has not properly prepared its brief pursuant to the rules of this court. We think it is sufficiently prepared to present all questions involved in the action. The appellant first filed its brief on January 3, 1936. The appellee filed his brief on April 28, 1936. On May 18, 1936, the appellant filed a petition and notice for leave to file an amended brief. Leave was granted and on June 4, 1936, amended briefs were filed. The

amended briefs correct many of the errors complained of by appellee.

The appellee also contends that there is no question presented by the appellant because it took no exception to the finding of the court. It appears that the court made its finding and pursuant to the finding entered its judgment and at the end of the judgment appear the words, "to which the defendant objects and excepts." We think the exception as taken is sufficient. The cases cited are not applicable here. Other questions have been presented, but in view of the decision we have reached we do not consider it necessary to discuss them.

Judgment reversed.

Tremain, J. not participating.