BAUR ET AL. *v*. LEE.

[No. 15,809. Filed October 14, 1937.]

*D. D. Hensel,* and *George S. Jewett,* for appellants.
*Charles Tindall,* for appellee.

BRIDWELL, C. J.—Appellee has filed a verified motion to dismiss this appeal alleging as reasons for dismissal, among others, that no assignment of errors has been "entered on the transcript" as required by section 2-3225 Burns Ind. Stat. Anno. 1933, section 502 Baldwin's Ind. St. 1934, and that no such assignment has been attached to the transcript as provided for by rule 4 of the Rules of Supreme and Appellate Courts of this state. Appellants have made no showing to the contrary. An examination of the record substantiates the allegations of said motion in this respect.

We find among the files in this cause a separate written instrument purporting to be appellants' assignment of errors with pages numbered 1 and 2, bearing the file mark of the Clerk of this court as of the same date the transcript was filed, but under prior decisions of our Supreme Court and of this

court this cannot be considered as a proper assignment of errors.

In the case of *Hays* v. *Johns* (1873), 42 Ind. 505, 506, the appeal was dismissed for the same reasons urged in the instant case, the court saying: "In this case there is no assignment of errors 'on the transcript' as required by the statute. . . . There is among the papers filed in the cause what purports to be an abstract of the record, and on this paper there is an assignment of error. It was clearly intended that errors should be assigned, in the language of the statute, 'on the transcript' and not on loose and detached pieces of paper. A motion which the appellee has filed to dismiss the appeal for the want of a proper assignment of errors must be sustained." In *Huber* v. *Tielking* (1914), 55 Ind. App. 577, 103 N. E. 853, 104 N. E. 314, in discussing a motion to modify an order of dismissal, this court said (p. 579) : "The statute and the rules of the Supreme and Appellate Courts require that appellant shall make a specific assignment of error on the transcript or upon some paper attached thereto. . . . By this motion our attention is called to a paper purporting to be an assignment of error by these parties which bears a file mark of the clerk of this court under date of September 12, 1911. This paper was found among motions and other papers filed in this case which are contained in a jacket provided for that purpose. It is not attached to the record and cannot be considered as a proper assignment of errors." See also: *Wiggs* v. *Koontz* (1873), 43 Ind. 430; *Henry et al.* v. *State, ex rel. Thuermer* (1926), 197 Ind. 675, 679, 151 N. E. 824; Ewbank's Manual (2nd Ed.) section 125.

Under the foregoing authorities the motion to dismiss filed herein should be and the same is sustained.

Appeal dismissed.