GARRETT, BY NEXT FRIEND ETC. *v.* SOBENITE, INC.

[No. 19,521. Filed September 29, 1960.]

*J. Chester Allen* and *Harry Heppenheimer,* both of South Bend, for appellant.

*Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellee.

BIERLY, C. J.—The decree was rendered in this cause on April 12, 1960, in favor of defendant, Sobenite, Inc., after the refusal of plaintiff-appellant to plead over following the ruling by the court in overruling plaintiff's

demurrer to the third paragraph of defendant's amended answer.

On July 12, 1960, plaintiff prayed appeal to this court, and also filed his praecipe for a transcript of the proceedings in said cause. The transcript and assignment of errors were required to be filed within ninety days following the decree, the last day for filing said transcript being July 11, 1960.

Attached to the Assignment of Errors is this notation:

> "Court paper    7-12-60
> Time 9.05    E. Bailey."

The court assumes the above notation refers to the Transcript, including the Assignment of Errors, as having been placed in the hands of the State House Guard on July 12, 1960 at 9:05 P.M.

The record discloses that said Transcript and Assignment of Errors were not stamped "Filed July 12, 1960, Alice C. Whitecotton, Clerk," but instead were stamped "Received July 12, 1960, Alice C. Whitecotton, Clerk."

On August 9, 1960, a Petition for Extension of Time in which to File Brief was presented to the Clerk of this Court by the appellant for filing but the clerk stamped the same as "Received August 9, 1960, Alice C. Whitecotton, Clerk." No action has been taken on said Petition for Extension of Time to File Appellant's Brief by this court.

Inasmuch as July 12, 1960, was the 91st day from the date of the judgment by the trial court, subsequent to the court overruling appellant's demurrer and thereafter his refusal to plead over, the Clerk of this Court was within her right to stamp said Transcript and Assignment of Errors as "Received" instead of "Filed."

No further action has been taken by either party in this cause.

The Assignment of Errors constitutes a complaint on appeal and the same in this action was required to be filed in this cause by July 11, 1960, unless a timely Petition for Extension of Time to File said Transcript and Assignment of Errors had been filed and granted. This was not done.

Hence, because of the failure of appellant to comply with Rule 2-2, no question is presented in this cause nor can any question be presented.

In the case of *Huber* v. *Tielking* (1914), 55 Ind. App. 577, a co-appellant failed to file its assignment of errors within the time provided by the rules. In dismissing said action as to said co-appellant the court said:

> "No showing however strong can be considered as sufficient to warrant the exercise of a power which the court does not possess. As no appeal was perfected in this case no question is presented for decision."

Inasmuch as appellant failed to perfect his appeal on time, no ruling on Appellant's Petition for Extension of Time in which to File Brief need be considered, and this cause is now ordered stricken from the record and terminated with costs, if any, taxed against the appellant.

NOTE.—Reported in 169 N. E. 2d 298.